**Robert P. CHADWICK, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–316.

United States Court of Veterans Appeals.

Submitted Aug. 20, 1990.

Decided Oct. 31, 1990.

Robert P. Chadwick, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

KRAMER, Associate Judge:

The Secretary of Veterans Affairs (Secretary) moved to dismiss the appeal for lack of jurisdiction on the grounds that more than 120 days had elapsed between the date on which notice of the decision of the Board of Veterans' Appeals (BVA) was mailed to the veteran's representative and the date on° which the appellant filed a Notice of Appeal (NOA). The appellant was entitled to have a copy of the written decision of the BVA mailed to him at his last known address. Although the appellant mistakenly filed his NOA with the BVA which, in turn, transmitted it to the Court, it was received by the Court within 120 days of the date that notice of the BVA decision was mailed to the appellant's last known address. Therefore, the NOA is timely, the Court has jurisdiction, and the motion of the Secretary is denied.

In July 1988, the appellant moved from one town in New York State to another. On August 26, 1988, he sent notification of his change of address to the New York, New York, Regional Office (RO). Thereafter, he received several pieces of mail from the RO at his new address. On October 25, 1989, the BVA denied appellant an increase for his right knee condition and mailed copies of that decision to the appellant at his old address and to the appellant's representative. On December 19, 1989, the BVA decision was remailed to the appellant at his new address. The appellant sent to the BVA a VA Form 21–4138, Statement in Support of Claim, dated January 25, 1990, which was received January 30, 1990, and in which the appellant stated that he wanted the BVA decision "reviewed by the Court of Veterans Appeals." By letter dated March 16, 1990, the BVA acknowledged receipt of the VA Form 21–4138 and advised the appellant that he must submit his request for appeal "to the Court not VA ... [and that] your appeal cannot be docketed by the Court unless you file according to its rules. Therefore, we are returning your correspondence." The BVA, however, sent a copy of its letter to the appellant, together with the VA Form 21–4138, to the Court, which received them on April 5, 1990. On April 25, 1990, appellant filed an NOA with the Court on the form prescribed by Form 1 of the Interim General Rules of the Court.

The Secretary moved to dismiss the appeal for lack of jurisdiction, contending that the NOA was not filed within the time

**76**

requirements stipulated by 38 U.S.C. § 4066(a) (1988). This section provides:

> In order to obtain review by the Court ... of a final decision of the [BVA], the person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section 4004(e) of this title.

Section 4004(e) states:

> After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any).

38 U.S.C. § 4004(e) (1988).

■ In moving for dismissal, the Secretary argues that the mailing of a BVA decision to the appellant's representative satisfies the requirement of § 4004(e). We disagree. Under the plain language of this section, the written decision must be mailed to both the claimant and the claimant's representative. The statute is written in the conjunctive, and a mailing made only to the claimant's authorized representative violates this statutory requirement. The BVA in the instant case, although previously notified of appellant's new address, did not comply with § 4004(e) until December 19, 1989, when it mailed a copy of its decision to the appellant at such address. Thus, the 120–day jurisdictional filing period set forth in § 4066(a) did not begin to run until December 20, 1989.

■ Although the BVA was under no duty to transmit the VA Form 21–4138 to the Court, it did so. That this document was received by the Court on April 5, 1990, is a fact which cannot be ignored. While it is true that this document was not in the form prescribed by Form 1 of the Interim General Rules and that a VA Form 21–4138 is not designed for the purpose of being used as an NOA, nevertheless, in this case, the substantive requirements of both § 4066(a) and Interim General Rule 4 were met: the document was filed by the appel-lant; it requested review by the Court; and it was received by the Court within the requisite 120–day period. We hold that the receipt of the VA Form 21–4138 by the Court on April 5, 1990, constitutes the filing of a valid NOA.

In view of the Court's holding, it is not necessary to decide on the facts here whether the VA Form 21–4138 was constructively received by the Court on January 30, 1990, when it was received by the BVA. *See White v. Director, Office of Workers' Compensation Programs, United States Dep't. of Labor,* 865 F.2d 1262 (4th Cir.1988).

For the reasons stated above, the motion of the Secretary is denied and the Secretary is ordered to designate the record within 30 days in accordance with Interim General Rule 10.