Orvel W. LOSH, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–603.

United States Court of Veterans Appeals.

Dec. 20, 1993.

Richard Paul Cohen, Fairmont, WV, was on the pleadings, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Sara B. Lake, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Judges.

KRAMER, Judge:

## I. Procedural Background

On June 28, 1993, appellant, through counsel, filed a Notice of Appeal (NOA) from a Board of Veterans' Appeals (BVA or Board) decision dated March 12, 1993, together with a motion for stay pending BVA action on a motion for reconsideration.

On July 1, 1993, the Court ordered the Secretary to advise the Court when appellant's motion for reconsideration was received and whether the Chairman of the BVA was inclined to grant reconsideration. Proceedings were stayed pending further order of the Court.

On August 30, 1993, the Secretary reported that the BVA had received appellant's motion for reconsideration on June 28, 1993, and that it was still under consideration. The Secretary further noted that appellant's NOA and motion for reconsideration were received on the same day by both the Court and the BVA.

On September 8, 1993, the Court ordered the Secretary and directed the Clerk of the Court (Clerk) to inform the Court, if possible, what time on June 28, 1993, the NOA and motion for reconsideration were received. The Secretary responded that the motion for reconsideration was received at 9:44 a.m. on June 28, 1993. He further informed the Court that the Chairman of the BVA denied reconsideration on September 16, 1993. The Clerk responded that he cannot inform the Court what time the NOA was received.

On October 4, 1993, the Court received a second NOA from appellant appealing the Chairman's September 16, 1993, denial of his motion for reconsideration.

The questions presented are whether jurisdiction has vested in the Court, and if so,

when and on what basis. The answers to these questions will determine the underlying questions of whether the BVA had jurisdiction to consider appellant's motion for reconsideration, and the effect of the October 4, 1993, NOA. *See Cerullo v. Derwinski*, 1 Vet.App. 195 (1991).

## II. The June 28, 1993, NOA and motion for reconsideration

■ As a general rule, a day is to be considered as an indivisible unit or period of time, and acts done or events occurring during the day are not referable to any portion of the day more than any other portion thereof, and are therefore to be regarded as occurring at the same time. *See In Re Susquehanna Chemical Corp.*, 81 F.Supp. 1 (W.D.Pa.1948), *aff'd, Susquehanna Chemical Corp. v. Producers Bank and Trust Co.*, 174 F.2d 783 (3rd Cir.1949). *But cf. Mississippi Ben. Ass'n v. Brooks*, 185 So. 569, 184 Miss. 451 (1939) (where a burial policy became effective February 1, with no hour specified, it would be considered to have become effective at the earliest moment of February 1, and it would be in effect at the time of death on February 1). An exception to this general rule exists when priority between two occurrences on the same day can actually be established, and such priority will affect the relative rights of the parties. *In Re Dejay Stores, Inc.*, 220 F.Supp. 497, 501 (S.D.N.Y. 1963); *In Re Susquehanna Chemical Corp., supra.*

■ In this case, the time of filing of the NOA cannot be established, while the time of filing of the motion for reconsideration has been established with specificity. Because the Court is unable to ascertain whether the NOA was filed before, at the same time as, or after the motion for reconsideration, there is no clear priority between the occurrences. Thus, under the general rule of indivisibility, the Court must conclude that the items were filed simultaneously.

■ It is well established that a party may not seek judicial review of an agency decision when a *prior* motion for reconsideration of the decision is pending at the agency level. *See ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222 (1987); *United Transp. Union v. ICC*, 871 F.2d 1114 (D.C.Cir.1989); *Rosler v. Derwinski*, 1 Vet. App. 241 (1991). A request for agency reconsideration renders the underlying action nonfinal, and thus not ripe for judicial review. *See Locomotive Engineers, supra*, at 285, 107 S.Ct. at 2369; *United Transp. Union, supra*, at 1116; *Rosler, supra*, at 246.

■ The Court notes the absence of precedential language in any federal decision, other than *Wade v. FCC*, 986 F.2d 1433 (D.C.Cir.1993) (per curiam), regarding what happens when a motion for reconsideration and a petition for judicial review are filed simultaneously. In *Wade, supra*, the U.S. Court of Appeals for the District of Columbia Circuit (D.C. Circuit) specifically addressed the issue of what happens when a motion for reconsideration of an agency decision is filed *after* a petition for judicial review. However, in dismissing the appeal for lack of jurisdiction, the D.C. Circuit's discussion included simultaneous filings:

We now hold that Wade's request for agency reconsideration rendered the underlying action nonfinal, *regardless of the order of filing*. The danger of wasted judicial effort that attends the simultaneous exercise of judicial and agency jurisdiction arises whether a party seeks agency reconsideration before, *simultaneous with*, or after filing an appeal or petition for judicial review. So long as a request for agency reconsideration remains pending, therefore, Wade's attempt to seek judicial review must be dismissed as "incurably premature."

*Id.* at 1434 (citations omitted) (emphasis added). The holding in *Wade, supra*, that a court appeal will be dismissed even if a motion for reconsideration is filed *after* the court appeal is filed directly contradicts this Court's holding in *Cerullo, supra*, that reconsideration is not possible when a timely NOA from a final BVA decision is already pending with the Court. Thus, this Court cannot be divested of its jurisdiction to hear an appeal once it has already attached. *Cerullo, supra.* However, while this Court has not adopted the strict holding of *Wade*, it finds the reasoning in *Wade* as applied to the simulta-

neous filing of a motion for BVA reconsideration and an NOA to be persuasive because it encourages finality of agency decisions and exhaustion of administrative remedies prior to judicial review. *See Brady v. Brown,* 4 Vet.App. 203 (1993) (Court unable to grant relief regarding failure to assist because there was not a final agency decision); *Mokal v. Derwinski,* 1 Vet.App. 12 (1990) (Court could not preempt the BVA and address merits of a claim that Statement of the Case was defective). Adoption of the *Wade* rationale with respect to simultaneous filings precludes the possibility that the Secretary can defeat the jurisdiction of the Court once it had attached with the NOA, the primary concern in *Cerullo, supra,* at 198–201.

The Court therefore concludes that the simultaneous filings of a motion for reconsideration and an NOA will render the underlying agency action nonfinal, and jurisdiction will remain with the BVA.

### III. The October 4, 1993, NOA

On October 4, 1993, appellant filed an NOA with the Court stating that appellant is appealing "the decision of the Board of Veterans' Appeals ... denying reconsideration," specifying the date of the appealed decision as "September 16, 1993." Rule 3 of the Court's Rules of Practice and Procedure states that "[a]n appeal will be taken by filing a Notice of Appeal with the Clerk.... The Notice of Appeal shall ... (2) designate the Board decision appealed from." The only decision specified in appellant's NOA is the September 16, 1993, decision denying the motion for reconsideration. Nowhere in the NOA does appellant mention the underlying decision of the BVA, dated March 12, 1993, from which the motion for reconsideration stemmed.

■ Nevertheless, this Court has traditionally adopted a liberal rule of construction as to what constitutes a valid NOA, see *Boyer v. Derwinski,* 1 Vet.App. 531 (1991); *Chadwick v. Derwinski,* 1 Vet.App. 74 (1990), and will therefore construe appellant's October 4, 1993, NOA as being applicable to both the denial of the motion for reconsideration and the underlying decision. As to the former, pursuant to 38 U.S.C.A. §§ 7252 and 7261 (West 1991), the Court has jurisdiction to review the BVA Chairman's denials of reconsideration of prior and final BVA decisions. *See Patterson v. Brown,* 5 Vet.App. 362 (1993). However, the Court's power to review such decisions is limited by the United States Supreme Court's holding in *Locomotive Engineers, supra,* that denials of reconsideration may be reviewable only if appellant's motion for reconsideration alleges new evidence or changed circumstances. *See Patterson, supra.* Where a party petitions an agency for reconsideration on the ground of "material error," i.e., on the same record that was before the agency when it rendered its original decision, an order which merely denies rehearing of the prior decision is not itself reviewable because the "appeal places before the courts precisely the same substance that could have been brought there by appeal from the original order." *Locomotive Engineers, supra,* at 279, 107 S.Ct. at 2366. *See Patterson, supra.*

■ In appellant's motion for stay pending BVA action on a motion for reconsideration, he stated that the reason he was seeking reconsideration by the BVA of its March 12, 1993, decision was as follows:

> ... [T]he Appellant is seeking reconsideration ... because the Board committed clear and unmistakable error in its prior decisions, in failing to reconsider and, by, finding against the veteran on the issue of whether the Board should reconsider its decisions denying service connection for the impairment to the veteran's hip.

Appellant does not allege any new evidence or changed circumstances, as he only focuses on error committed by the Board based upon the record that was already before the Board at the time of its March 12, 1993, decision. Therefore, the Court is unable to undertake review of the Chairman's September 16, 1993, decision denying reconsideration.

■ As to the underlying March 12, 1993, decision, the October 4, 1993, NOA was timely filed in accordance with the Court's decision in *Rosler, supra,* at 249 (time for filing appeal from underlying decision begins to run when the BVA mails claimant notice of denial of motion for reconsideration if motion

for reconsideration made within 120 days after mailing of BVA decision).

### IV. Conclusion

For the reasons stated above, the appeal dated June 28, 1993, is DISMISSED for lack of jurisdiction. The appeal dated October 4, 1993, is DISMISSED as to the denial of the motion for reconsideration due to the limited nature of the Court's review of these decisions (*Locomotive Engineers, supra; Patterson, supra*). The October 4, 1993, NOA is valid as to the appeal from the underlying decision of the BVA dated March 12, 1993. Appellant is ordered to submit to this Court within 30 days a short statement of issues to be raised on appeal pursuant to Rule 6 of the Court's Rules of Practice and Procedure, with a copy to be served on the General Counsel of the Department of Veterans Affairs.