Jose P. CALMA, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–0138.

United States Court of Veterans Appeals.

March 1, 1996.

Craig M. Kabatchnick, Greensboro, NC, was on the pleadings, for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, were on the pleadings, Washington, DC, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

STEINBERG, Judge:

The appellant, World War II veteran Jose P. Calma, seeks to appeal an August 25, 1994, Board of Veterans' Appeals (Board or BVA) decision. The Secretary has moved to dismiss the appeal based upon lack of jurisdiction due to the failure of the appellant to submit a timely Notice of Appeal (NOA). For the reasons that follow, the Court holds that the appellant's letter filed January 12, 1995, was a timely NOA and denies the Secretary's motion.

## I. Background

On August 25, 1994, the BVA apparently attempted to mail a copy of its decision of the same date to the veteran. *See* Secretary's Motion (Mot.) to Dismiss, Declaration of Robert L. Ashworth (Declaration), at 1. The Declaration stated: "The [BVA] decision was returned to the Board as undeliverable by the U.S. Postal Service due to [an] insufficient address. A review of the envelope in which the decision was mailed reveals that the [veteran's] name was not included in the address." Declaration at 1. Under a September 29, 1994, cover letter, the Board remailed the August 25, 1994, BVA decision to the veteran. Declaration at 2. This letter was incorrectly addressed, but, because of our disposition of the Secretary's motion, the Court does not reach the issue whether the Board mailed its decision to the "last known address" of the claimant pursuant to 38 U.S.C. § 7104(e). *See Thompson v. Brown,* 8 Vet.App. 169 (1995), *reconsideration granted on other grounds,* 8 Vet.App. 430 (1995); *Leo v. Brown,* 8 Vet.App. 410 (1995).

On January 12, 1995, this Court received a letter dated December 29, 1994 [hereinafter referred to as "the January 12, 1995, letter"], from the veteran, who was then proceeding pro se. The letter (as well as the envelope containing it) was addressed to this Court, identified the veteran, listed his VA file number, and stated in part:

> This [letter] respectfully refer[s] to your letter dated September 29, 1994, with enclosures.
>
> . . . .
>
> The submission of [the attached two documents is] to attest to your good office that my claimed service-connected disabilities [were] incurred in [the] line of duty [and] not prior to my service[.] So, in this connection therefore I totally disagree with your initial determination thus allowing me to follow the legal flow of the entitled caption case.
>
> Hoping and praying that the submission of these pertinent documents would merit your early adjudication.

On February 10, 1995, the Court received from the veteran a formal NOA on a form that had been supplied by the Court after its receipt of the January 12, 1995, letter.

On May 16, 1995, the Secretary moved to dismiss the appeal. He asserted that the February 10, 1995, NOA was filed 134 days after the September 29, 1994, remailing of the BVA decision to the veteran, and thus did not meet the 120–day statutory deadline under 38 U.S.C. § 7266(a) for filing an appeal with this Court. Mot. at 3. On July 3, 1995, the Secretary, in response to a June 2, 1995, Court order, advised the Court that he persisted in his motion to dismiss notwithstanding the appellant's January 12, 1995, letter. Secretary's Response (Resp.) at 2. The Secretary argued that the letter is not an NOA because it does not meet the requirements of section 7266(a) and Rule 3(c) of the Court's Rules of Practice and Procedure (Court Rules). On November 17, 1995, the appellant, through counsel, filed a response to the Secretary's motion to dismiss. The appellant argued that the BVA decision was twice mailed to an incorrect address and that his January 12, 1995, letter was a timely NOA. Appellant's Resp. at 2.

## II. Analysis

The principal issue presented for decision is whether the veteran's January 12, 1995, letter is a valid NOA. The ultimate burden of establishing this Court's jurisdiction rests with the appellant. *See Bethea v. Derwinski*, 2 Vet.App. 252, 255(1992) (citing *McNutt v. G.M.A.C.*, 298 U.S. 178, 181, 56 S.Ct. 780, 781, 80 L.Ed. 1135 (1936)). To have been timely filed under Rule 4 of the Court Rules and precedents construing section 7266(a), an NOA must, in fact, have been received by the Court within 120 days after notice of the BVA decision was mailed to an appellant. *See Butler v. Derwinski*, 960 F.2d 139, 140–41 (Fed.Cir.1992). This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392, 393–94 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990).

The Court has previously provided some guidance on what constitutes a valid NOA. In *Chadwick v. Derwinski*, the Court held that a Department of Veterans Affairs form which was not intended to be used for appeals to this Court could constitute a valid NOA. *Chadwick*, 1 Vet.App. 74, 76 (1990). In holding that the veteran had met the substantive requirements for an NOA as required by the then Interim General Rules of the Court, the Court explained: "[T]he document was filed by the appellant; it requested review by the Court; and it was received by the Court within the requisite 120–day period." *Ibid.*

In *Boyer v. Derwinski*, the Court held that, despite the invalidity of a previous formal NOA that had been filed with this Court pending the outcome of the appellant's motion for reconsideration by the BVA, the appellant's Motion to Proceed with Appeal that was filed after reconsideration had been denied by the BVA satisfied the requirements of a valid NOA under *Chadwick, supra. Boyer*, 1 Vet.App. 531, 532 (1991). In *Losh v. Brown*, the Court held valid an NOA in which the appellant had identified the

Board decision he wished to appeal by the date of the BVA's denial of reconsideration of that underlying decision, rather than by the date of the BVA decision itself. *Losh,* 6 Vet.App. 87, 90 (1993). The Court noted that the appellant had challenged the underlying BVA decision "upon the record that was already before the Board at the time of its ... decision" rather than "alleg[ing] any new evidence or changed circumstances", and, citing *Boyer* and *Chadwick,* stated: "[T]his Court has traditionally adopted a liberal rule of construction as to what constitutes a valid NOA". *Ibid.*

■ None of these cases makes clear whether *Chadwick* established a requirement that the document filed must *expressly* "request[ ] review by the Court". We decide that issue today. In that regard, the Secretary argues that the January 12, 1995, letter was not an NOA, but rather a misdirected motion for BVA reconsideration under 38 U.S.C. § 7103. The Secretary cites as evidence for his view the following points from the letter: (1) a reference to "your letter dated September 29", which the Secretary argues shows intent to respond to the BVA, not appeal to the Court; (2) the veteran's reference to "your initial determination", which the Secretary asserts contemplates a prior and a subsequent determination by the BVA, not the Court; (3) the veteran's stated wish for "your early adjudication" which the Secretary asserts refers to an administrative adjudication rather than a Court appeal; and (4) the veteran's submission of additional evidence, which the Secretary argues could not have been intended for the Court because the additional evidence was not part of the record before the Board. Secretary's Resp. at 2–4.

Counsel for the appellant argues that the appellant knew how to address a letter to the BVA, because he had in the past properly directed his correspondence to the BVA, and thus his mailing of a letter to the Court showed his intent to appeal to the Court. Appellant's Resp. at 3. He further argues that "the veteran's pro se letter to the Court presented arguments appropriate for review by the Court, and while it referenced the September 29th cover letter accompanying the BVA decision on appeal, clearly the veteran was dissatisfied with and desired to appeal that decision to the Court." Appellant's Resp. at 2.

The Secretary argues in addition that the January 12, 1995, letter did not fulfill the requirements of Court Rule 3(c) because it failed to identify the BVA decision being appealed. Court Rule 3(c), entitled "**Content.**", specifies that an NOA shall: (1) name the party or parties taking the appeal; (2) designate the Board decision appealed from; and (3) include the addresses of the appellant(s) and of any representative. It also provides that an appeal "will not be dismissed for informality of the [NOA]". This rule was modeled on the pre–1993 version of Rule 3(c) of the Federal Rules of Appellate Procedure (FRAP). The Supreme Court, in interpreting the pre–1993 version of FRAP Rule 3(c), entitled "**Content of the [NOA].**", held that although "the requirements of the rules of procedure should be liberally construed" a court "may not waive the jurisdictional requirements of [FRAP] Rules 3 and 4". *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988). The Supreme Court cited the Advisory Committee Notes to FRAP Rule 3, which at that time stated: "Because the timely filing of [an NOA] is 'mandatory and jurisdictional,' compliance with the provisions of those rules is of the utmost importance." *Torres,* 487 U.S. at 315, 108 S.Ct. at 2408 (citations omitted).

However, in 1993 FRAP Rule 3(c) was amended and currently provides:

[An NOA] must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the [NOA].... [An NOA] filed pro se is filed on behalf of the party signing the notice and the signer's spouse and minor children, if they are parties, unless the [NOA] clearly indicates a contrary intent.... [An NOA] must also designate the judgment, order, or part thereof appealed from, and must name the court to which the appeal is taken. An appeal will not be dismissed for informality of form or title of the [NOA], or for failure to name a

party whose intent to appeal is otherwise clear from the notice.

Fed.R.App.P. 3(c). The Advisory Committee Notes to the 1993 amendment of FRAP Rule 3(c) state that the amendment "is intended to reduce the amount of satellite litigation spawned by the Supreme Court's decision in *Torres*". The Notes further provided: "If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." *See also Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992) (notice afforded to other parties by document, not party's intent in filing it, determines document's sufficiency as NOA); *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962) (citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome. . . .").

Although it is clear that the timely filing of an NOA is a jurisdictional requirement, *see Butler, supra*, this Court has not addressed the issue whether, following the amendment to FRAP Rule 3(c), the requirements of Court Rule 3(c) as to the content of an NOA are jurisdictional. Furthermore, it is not clear whether Court Rule 2 can be applied to the NOA content requirements under Court Rule 3(c). Court Rule 2, which is modeled on FRAP Rule 2, provides that the Court may, for good cause shown or to expedite a decision, "suspend the application of any of these rules in a particular case and may order proceedings in accordance with its direction, but the Court may not extend the time for the filing of [an NOA]." *See also* FRAP Rule 26(b) (court may not "enlarge" time limits for filing NOA). In *Torres*, the Supreme Court held that FRAP Rule 3(c) established "jurisdictional requirements" that could not be waived under FRAP Rule 2. *Torres*, 487 U.S. at 317, 108 S.Ct. at 2409. If *Torres* is no longer good law as to its holding that the content requirements of FRAP Rule 3(c) are jurisdictional, then this Court could hold that the content requirements of Court Rule 3(c) could be waived by the Court under

Court Rule 2. Because the Court holds, for the following reasons, that the appellant's January 12, 1995, letter meets the requirements of 38 U.S.C. § 7266(a) and Court Rule 3(c), however, the Court need not reach the issue whether the Rule 3(c) requirements are jurisdictional.

■ Because the appellant's January 12, 1995, letter was addressed to the "U.S. Court of Veterans Appeals", that letter can be seen as an effort by an appellant who was pro se at that time, and who was perhaps not aware of the difference between adjudication and appellate review, to pursue his claim to the next appropriate level in the system. *Cf. March v. Brown*, 7 Vet.App. 163, 168–69 (1994) (where pro se applicant under Equal Access to Justice Act alleged that Secretary had filed "improvident motion" instead of alleging that Secretary's position lacked "substantial justification", Court held: "[I]n the case of a pro se appellant, such a statement is . . . adequate"); *Matter of Quigley*, 1 Vet.App. 1, 1 (1990) (Court liberally construed the allegations and prayer for relief of pro se appellant); U.S.Vet.App.R. 45(h) ("The Clerk [of this Court] shall liberally construe the rules as they apply to appellants representing themselves"). The appellant stated in his January 12, 1995, letter: "I totally disagree with your initial determination thus allowing me to follow the legal flow of the entitled caption case." This express desire to "follow the legal flow" combined with the direction of this desire in writing to this Court, is sufficient, in this case, to satisfy the section 7266(a) requirement, as interpreted in *Chadwick*, that an NOA request review by this Court. *See Chadwick* and *Losh*, both *supra*. The Court holds that an NOA need not contain a literal statement that a BVA decision is being appealed to the Court, as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court.

As to compliance with the Court's Rules, the Court notes first that the appellant signed his name to the January 12, 1995, letter. Court Rule 3(c)(1) stipulates that the appellant "name the party or parties taking the appeal", and the Advisory Committee Notes to the 1993 amendment of FRAP Rule 3(c) expressly state that an NOA filed pro se

"is filed on behalf of the party signing the notice" unless the NOA "clearly indicates a contrary intent". As to the Court Rule 3(c)(2) requirement that an NOA "designate the Board decision appealed from", the appellant's January 12, 1995, letter did not specify the date of the appealed BVA decision. However, that letter did expressly refer to a "decision of the Board of Veterans Appeal [sic]"; stated that it referred to the "letter dated September 29, 1994", which had accompanied a copy of the August 25, 1994, BVA decision; quoted from the BVA decision; and specified the VA file number. Accordingly, the Court is satisfied that this requirement has been substantially satisfied. *See Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962) (requirements of rules of procedure should be liberally construed and mere technicalities should not prevent consideration on merits); *cf. Torres*, 487 U.S. at 316–17, 108 S.Ct. at 2408–09 (stating that if litigant files papers in fashion that is technically at variance with letter of procedural rule, court may nonetheless find that litigant has complied with rule if litigant's action is functional equivalent of what rule requires, but holding that FRAP Rule 3(c) requirement to specify party or parties taking appeal was not satisfied). Finally, as to the Court Rule 3(c)(3) requirement that an NOA include the addresses of the appellant and any representative, the appellant, who was unrepresented at that time, included his address. The Court thus holds that the appellant's January 12, 1995, letter was an NOA in compliance with Court Rule 3(c) and was timely filed under 38 U.S.C. § 7266(a).

## III. Conclusion

Upon consideration of the record and the pleadings of the parties, the Court holds that the appellant's January 12, 1995, letter is a valid NOA. The Court orders the Secretary to designate the ROA within thirty days after the date of this opinion. The Secretary's motion to dismiss is DENIED. The appellant's November 17, 1995, request for attorney fees and costs is DENIED, without prejudice to any future action for attorney fees as to the instant case.