Joseph F. PEREZ, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 95–652.

United States Court of Veterans Appeals.

Oct. 3, 1996.

Joseph F. Perez, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; and Andrew J. Mullen, Special Assistant to the Assistant General Counsel, Washington, DC, were on the brief for, appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

STEINBERG, Judge:

Veteran Joseph F. Perez seeks to appeal a January 27, 1995, Board of Veterans' Appeals (BVA or Board) decision. The Secretary has moved to dismiss the appeal for lack of jurisdiction on the ground that the veteran had failed to submit a timely Notice of Appeal (NOA). For the reasons that follow, the Court will grant the Secretary's motion to dismiss the appeal.

## I. Background

On January 27, 1995, the BVA mailed a copy of its decision (regarding the veteran) of the same date to the Washington, D.C., office of the Disabled American Veterans (DAV) and to the veteran, who had executed a Department of Veterans Affairs (VA) Form 21–22 (Appointment of Veterans Service Organization as Claimant's Representative) appointing the DAV as his representative. *See* Secretary's Motion (Mot.) to Dismiss, Declaration of Robert L. Ashworth (Declaration), at 2–3. An additional copy was forwarded by flat mail to the DAV office at the VA Regional Office in Chicago, Illinois. On the VA

Form 21–22, the veteran's power of attorney, the veteran filled in "D.A.V." in block 3 (NAME OF SERVICE ORGANIZATION RECOGNIZED BY DEPARTMENT OF VETERANS AFFAIRS) and "any accredited D.A.V. Rep[resentative]" in block 12 (NAME AND ADDRESS OF CHAPTER, POST, OR UNIT).

On April 21, 1995, the Clerk of the Court received the following statement from the veteran on a VA Statement in Support of Claim (Form 21–4138):

> When I entered the Army I entered with two knee injuries, when I left—I left with aggravation of [the] knees. Their [sic] was a desk sargent [sic] a[t] Fort Gordon who put-in for my discharge [and] statted [sic] that he would submit for a medical discharged [sic], or if needed he would keep-it on file, which may still be on file either [at] Fort Gordon or records, due to the fact I was accepted by AFEEs with the ortho[pedic] and phys[ical] exam[inations], I left due to aggravation.

The veteran's handwritten name, signature, VA file number, and address were contained in the statement. On April 24, the Clerk of the Court's office responded to the veteran by letter: "This is in response to your inquiry requesting information regarding an appeal to the [Court] of an adverse decision of the [BVA]. I have attached a copy of Court Form 6 with its enclosures to assist you". The veteran then sent a formal NOA on the form the Court had supplied. On July 10, 1995, the Court received that form in an envelope postmarked July 6, 1995.

On October 31, 1995, the Secretary moved to dismiss the appeal. He asserts that the appellant's July 6 submission did not meet the 120–day statutory deadline for filing an NOA and that the Court therefore lacks subject matter jurisdiction. Mot. at 6–7. On November 13, 1995, the veteran sent the Court a copy of his April 21 statement with the following notation: "This is the letter I sumitted [sic] back in April appealling [sic] my case".

## II. Analysis

■ The ultimate burden of establishing the Court's jurisdiction rests with the party seeking to appeal. *See McNutt v. G.M.A.C.,*

298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the BVA decision was mailed to an appellant. *See Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992). This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392, 393–94 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990)

### A. Mailing of BVA Decision

■ Initially, the Court must decide whether the July 6, 1995, formal NOA can be considered a timely NOA. After reaching a decision, the BVA is required to mail a copy of that decision to "the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of any such representative". 38 U.S.C. § 7104(e).

■ The BVA must mail decision copies to both the claimant and any representative, and a defect in mailing to either one can toll the start of the 120–day period for appeal to this Court. *See* 38 U.S.C. § 7104(e); *Ashley v. Derwinski,* 2 Vet.App. 307, 311 (1992). In *Leo v. Brown,* the Court held that the BVA decision must be mailed to the "last known address" of the claimant and the claimant's representative as required by section 7104(e). *Leo,* 8 Vet.App. 410, 413 (1995). In *Hill v. Brown,* the Court held that any address in block 12 does not bear on the question of the "last known address" of the representative. *Hill,* 9 Vet.App. 246, 249 (1996). The Court further held that in a case with a post-May 31, 1994, BVA decision where the claimant has designated a recognized national veterans service organization representative but did not specify an address in block 3, and where that organization has specified—as of the date of the BVA decision in question—to

the BVA an address for the mailing of BVA decision copies, the Court will presume that any mailing of such a BVA decision copy to the designated representative was properly carried out by mailing to that designated representative's last known address. *Ibid.* Such presumption may be rebutted by the claimant by showing that the decision copy was not, in fact, mailed to the address designated by the representative. *Ibid.*

The Secretary has filed an October 1995 BVA official's declaration that the representative's copy of the BVA decision in the instant case was mailed on January 27, 1995, to the address specified in "instructions received from senior officials of DAV [Disabled American Veterans]". Declaration at 2. The appellant has not rebutted the presumption that the mailing was carried out properly. *See Hill, supra.* Therefore, the Court holds that the July 6, 1995, formal NOA was not filed within 120 days after the mailing of the BVA decision and is thus not timely. *See Butler, supra.*

### B. Court Rules 2 and 3(c)

■ The remaining issue presented for decision is whether the veteran's April 21, 1995, statement is a valid NOA. In addition to the jurisdictional requirement that an NOA be filed within 120 days after notice of the decision was mailed, Rule 3(c) of this Court's Rules of Practice and Procedure (Rules), entitled "**Content**", specifies that an NOA shall:

(1) name the party or parties taking the appeal;

(2) designate the Board decision appealed from; and

(3) include the addresses of the appellant(s) and of any representative.

Form 1 in the Appendix of Forms is a suggested form of Notice of Appeal. An appeal will not be dismissed for informality of the Notice of Appeal.

The veteran's April 21 statement complied with requirements (1) and (3) by virtue of the signature and address on the document. However, it failed to comply with Court Rule 3(c)(2). There is absolutely no reference in the document as to which BVA decision the veteran is appealing.

Under Court Rule 2, the Court may, for good cause shown or to expedite a decision, suspend the application of any Court rule and may order proceedings in accordance with its direction, but the Court may not extend the time for filing an NOA. It is most doubtful that the content requirements of Court Rule 3(c) are subject to waiver under Rule 2. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988) (holding that Federal Rule of Appellate Procedure (FRAP) Rule 3 (on which this Court's Rule 3 is based) presented jurisdictional requirements that could not be waived). *But compare Bailey v. U.S. Dep't of Army Corps of Eng'rs,* 35 F.3d 1118, 1119 n. 3 (7th Cir.1994); *Dodger's Bar & Grill v. Johnson County Bd. of Comm'rs,* 32 F.3d 1436, 1440 (10th Cir. 1994); *Garcia v. Wash,* 20 F.3d 608, 609 (5th Cir.1994) (all to the effect that 1993 FRAP Rule 3 revision permits greater leeway in naming in NOAs the parties taking an appeal), *with Osterberger v. Relocation Realty Service Corp.,* 921 F.2d 72, 74 (5th Cir.1991) (appearing to hold, contrary to *Torres, supra,* that rule requiring identification of decision on appeal was not jurisdictional). In any event, even if the Court were to find good cause for a waiver here (for example, because the Clerk of the Court's April 24, 1995, letter did not inform the veteran that the enclosed form needed to be returned to the Court by a certain date), the document submitted by the veteran does not qualify as an NOA under the statute, 38 U.S.C. § 7266(a), for the reasons set forth in part II.C., below.

### C. Section 7266(a)/ Calma *Requirement*

■ Under 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after the date on which the notice of the BVA decision is mailed. In *Chadwick v. Derwinski,* 1 Vet.App. 74, 76 (1990), the Court interpreted section 7266(a) to require that a document submitted must request Court review in order to constitute a valid NOA. The Court held that a document submitted on a VA form not intended for use as an NOA was nonetheless a valid NOA because it "was filed by the appellant; it requested review by the Court; and was received by the Court within the requisite 120–day period." *Ibid;* see also *Calma v. Brown,* 9 Vet.App. 11, 15

(1996). In *Calma,* the Court elaborated on the meaning of the section 7266(a) requirement that an NOA must request Court review in order to qualify as a valid NOA. The Court held that an "NOA need not contain a literal statement that a BVA decision is being appealed to the Court, as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court." *Ibid.*

In *Calma,* the veteran's intent to seek Court review was clear from the circumstances, and the Court found the NOA valid. *Id.* at 16. The veteran in that case had submitted a document listing his VA file number, referring to the cover letter sent with the BVA decision by date, and reading in part: "I totally disagree with your initial determination thus allowing me to follow the legal flow of the entitled caption case. Hoping and praying that the submission of these pertinent documents would merit your early adjudication." *Id.* at 13. The Court held that the veteran's desire to "follow the legal flow" combined with the fact that he had written to the Court to express this desire sufficiently fulfilled the section 7266(a) requirement, as interpreted by *Chadwick, supra* (that an NOA request review by the Court), as to show clearly the veteran's intent to appeal the BVA decision to the Court.

■ In the instant case, no such clear intent to appeal can be discerned from the veteran's April 21 letter. Mr. Calma's statement referred to the cover letter sent with the BVA decision; Mr. Perez's statement made no reference, however oblique, to any BVA decision. Mr. Calma expressed a desire to "follow the legal flow of the case"; Mr. Perez expressed no desire that could reasonably be construed as indicating an intent to appeal a BVA decision. The sole indication of his intent to appeal in this case is the fact that he sent the document to this Court. Were the Court to hold that merely sending a document to the Court is enough to show an intent to appeal a BVA decision within the meaning of section 7266(a), the result would be tantamount to holding that any communication addressed to the Court referring to a claim for VA benefits would be

an NOA as to a BVA decision within the meaning of the statute. The Court is not prepared to so hold. The contents of the veteran's April 21, 1995, statement and the circumstances of its filing do not make clear the veteran's intent to seek Court review of the January 27, 1995, BVA decision, and the Court thus holds that the statement does not constitute a valid NOA under section 7266(a). *See Calma, supra.* Because no valid NOA was submitted within 120 days after the mailing of notice of the BVA decision, the Court will dismiss the appeal for lack of jurisdiction. *See* 38 U.S.C. §§ 7104(e), 7266(a); *Butler* and *Calma,* both *supra.*

### III. Conclusion

The Court grants the Secretary's motion to dismiss, and dismisses the appeal for lack of an NOA conferring jurisdiction on the Court to review the January 27, 1995, BVA decision.

DISMISSED.