KRAMER, Chief Judge,
dissenting:
I agree with the majority’s analysis with respect to the statutory interpretation of the postmark rule under 38 U.S.C. § 7266. Notwithstanding, I believe that the Court should not reach that issue because the then pro se appellant’s January 15, 2001, letter that was received by the Court on January 31, 2001 (January 2001 letter), which the majority addresses and concludes is not a valid Notice of Appeal (NOA), should be treated as a jurisdiction-conferring NOA. In this regard, although it appears that the appellant in an earlier pleading before the Court may have raised the argument that the January 2001 letter is a valid NOA but does not raise it in her most current pleading, I further believe that the Court has an obligation to examine its jurisdiction from the inception of the appeal and consider all of the parties’ pertinent pleadings before the Court. See Appellant’s November 29, 2001, Motion for Reconsideration of the Court’s Order Dismissing [Her] Appeal and For Leave to Respond at 2-3; see generally Appellant’s March 19, 2002, Response to the Secretary’s Motion to Dismiss.
Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a Board of Veterans’ Appeals (Board or BVA) decision by this Court, that decision must be final and the person adversely affected by that decision must file a timely NOA with the Court. See Bailey v. West, 160 F.3d 1360, 1363 (Fed.Cir.1998) (en banc). To have been timely filed under 38 U.S.C. § 7266 and Rule 4 of this Court’s Rules of Practice and Procedure (Rules), an NOA generally must have been received (or, in certain circumstances, be deemed so received) by the Court within 120 days after notice of the underlying final BVA decision was mailed. See 38 U.S.C. § 7266(a); Cintron v. West, 13 Vet.App. 251, 254 (1999). But see Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Evans v. West, 12 Vet.App. 396, 399 (1999) (citing Bailey, 160 F.3d at 1365, and other cases regarding equitable tolling of NOA-filing period under certain circumstances). Further, Rule 3(c) requires that an NOA include the name of the party taking the appeal and his or her address (and the address of a representative, if any) and that th» NOA designate the BVA decision being appo«^u. U.S. VetApp. R. 3(c). Traditionally, in determining whether a pro se appellant has filed a valid NOA, the Court has applied a liberal rule of construction. See Calma v. Brown, 9 Vet.App. 11, 15 (1996); Losh v. Brown, 6 Vet.App. 87, 90 (1993) (“Court has traditionally adopted a liberal rule of construction as to what constitutes a valid NOA”); U.S. Vet.App. R. 45(j) (“Clerk [of the Court] shall liberally construe the rules as they apply to appellants representing themselves”). Moreover, in Calma, this Court held that “an NOA need not contain a literal state *331 ment that a BVA decision is being appealed to the Court, as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court.” Calma, supra; cf. Perez v. Brown, 9 Vet.App. 452, 455-56 (1996) (Court not prepared to hold “that any communication addressed to the Court referring to a claim for VA benefits would be an NOA as to a BVA decision within the meaning of [§ 7266(a)]”).
Here, the BVA sent to the appellant notice of its decision on December 15, 2000. The BVA attached to that notice a notice of appellate rights that contained the following information:
A[n NOA] must be filed with the Court within 120 days from the date of mailing of the notice of the BVA’s decision.... You may obtain information about the form of the [NOA], the procedure by which you may file your [NOA] with the Court, the filing fee, and other matters covered by the Court’s [R]ules directly from the Court.
Coronacio[] C. Lariosa, BVA 99-19184, at 10 (Dec. 15, 2000). As the majority points out, in the January 2001 letter, the appellant requested, inter aha, an “[a]ppeal [f]orm.” Ante at 325. Moreover, the January 2001 letter included the statement that “I hope my herein request be granted ...” and it included her name, her address, her claims file number, her husband’s (the veteran’s) name, and her signature. Id.; see generally Appellant’s March 19, 2002, Response to the Secretary’s Motion to Dismiss, Exhibit 1. On February 1, 2001, the Court sent to the appellant the requested information and, thereafter, the Court received on April 19, 2001, the appellant’s completed NOA form, which was signed by the appellant and dated March 26, 2001.
Initially, I note that the Court received the appellant’s January 2001 letter well within the 120-day judicial-appeal period. That letter explicitly satisfies all but one of NOA content requirements of Rule 3(c). However, although that letter does not designate explicitly the BVA decision appealed from, it does include the appellant’s VA claims file number. See Calma, 9 Vet.App. at 16 (citing Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), for proposition that requirements of rules of procedure should be liberally construed and mere technicalities should not prevent court’s consideration on merits); see also Becker v. Montgomery, 532 U.S. 757, 767-68, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001) (“[Ijmperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.”).
Moreover, even if it is arguable whether the content' of the January 2001 letter alone reflected the appellant’s intent to appeal, under Calma, supra, the content of the letter and the circumstances surrounding its filing support the inescapable conclusion that the intent to seek review of the December 15, 2000, BVA decision is clear. See Calma, 9 Vet.App. at 15; Losh, 6 Vet.App. at 90; Chadwick v. Derwinski, 1 Vet.App. 74, 76 (1990). Although the notice of appellate rights used by the BVA sufficiently complies with the statutory requirements of 38 U.S.C. § 5104(a), see Cummings v. West, 136 F.3d 1468, 1472-74 (Fed.Cir.1998), the language on that form, as quoted above, suggests that a claimant must first obtain an NOA form and then file that form with the Court in order to perfect an appeal. Thus, the January 2001 letter — given the circumstances of its filing by a pro se appellant following receipt of the language used in the notice of appellate rights — demonstrates a clear intent to appeal. That intent is confirmed by the receipt by the Court on April 19, 2001, of *332 her completed NOA form and the absence of any indication that the appellant ever wavered as to whether to appeal. Accordingly, I would hold the January 2001 letter to be a valid, jurisdiction-conferring NOA. See Becker, Calma, and Losh, all supra.