Zosimo M. PEREZ, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–401.

United States Court of Veterans Appeals.

Jan. 27, 1992.

Before KRAMER, FARLEY and
HOLDAWAY, Associate Judges.

### ORDER

PER CURIAM:

Appellant's Notice of Appeal (NOA), filed March 4, 1991, did not identify the date his Board of Veterans' Appeals' (BVA or Board) decision was filed or the date his Notice of Disagreement (NOD) was filed with the Department of Veterans Affairs Regional Office (VARO).

On June 26, 1991, the Court ordered the Secretary of Veterans Affairs (Secretary) to file a preliminary record. On July 5, 1991, appellant filed a supplemental NOA identifying January 26, 1990, as the date his BVA decision was mailed and March 17, 1989, as the date his NOD was filed with the VARO. On August 15, 1991, the Secretary filed the preliminary record and a motion to dismiss and to stay proceedings. The preliminary record confirmed the NOA and NOD dates given by appellant. The basis for the motion to dismiss was that appellant's NOA had not been filed within 120 days of a final decision of the BVA as required by 38 U.S.C. § 7266(a) (formerly § 4066(a)).

An examination of the preliminary record shows that appellant sent a letter to the BVA, received on May 15, 1990, requesting reconsideration by the BVA. Reconsideration was denied by the BVA Chairman on August 17, 1990. Appellant sent another letter to the BVA, received on October 16, 1990, asking that the BVA "re-review" his case. The BVA did not treat this as a motion for reconsideration but did reply to the letter on October 22, 1990, advising appellant that the BVA decision was final. Appellant sent a third letter to the BVA asking for reconsideration. The BVA treated this as an "attempted motion" and, on January 17, 1991, advised appellant by letter that nothing could be added to the previous replies and that his letter had been referred to the VARO. All three of appellant's letters gave the issue of service connection and failure to apply the doctrine of reasonable doubt as the reasons for asking for reconsideration and "re-review."

The Secretary's motion to dismiss stated that appellant's NOA was filed 199 days after the BVA Chairman's denial of reconsideration. According to the Secretary, appellant's second and third letters did not qualify as "motions for reconsideration" because neither contained *new* allegations of fact or error. The Secretary gave no citation of authority for this statement.

On October 21, 1991, appellant sent a letter to the Court which we will treat as an opposition to the Secretary's motion. Appellant claims that he had continuing communication with the BVA after the January 26, 1990, BVA decision. After the

last reply from the BVA dated January 17, 1991, appellant states that he timely filed his NOA on March 9, 1991.

In *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991), this Court held that "[a] new 120 day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the motion to reconsider." "The statute contains no deadline for the filing of a motion for reconsideration with the BVA chairman nor any limitation on the number of such motions that may be filed by an appellant as to a claim." *Id.* at 244.

The pertinent VA regulation is 38 C.F.R. § 19.186(a) (1991):

*Application Requirements.* A motion for reconsideration shall set forth clearly and specifically the alleged obvious error(s) of fact or law in the decision of the Board or other appropriate basis for requesting reconsideration. This motion may be filed at any time.

In the absence of any regulatory mandate limiting the number of "reconsiderations" or the requirement that each succeeding motion for reconsideration must contain *new* allegations of error of fact or law, we are forced to conclude that each of appellant's three letters should have been considered motions for reconsideration. Each letter was received by the BVA within 120 days after the BVA mailed its decision or its denial of the previous motion for reconsideration, and, under *Rosler*, therefore, tolled the 120 day time limit for filing an NOA with this Court. We note that *Rosler* also requires that each time the BVA denies a motion for reconsideration, it is required to "advise the claimant of the new 120–day judicial appeal period that commences, as to the underlying substantive BVA decision, on the date of the mailing of the BVA's notice of denial of the motion for reconsideration." *Id.* at 249. That requirement was not complied with here.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is DENIED. It is further

ORDERED that appellant's NOA be considered timely filed as it was filed within 120 days of the January 17, 1991, denial of reconsideration by the BVA. It is further

ORDERED that the Clerk of the Court will acknowledge receipt of the NOA as provided in U.S.Vet.App. Rule 6. It is further

ORDERED that the case will proceed according to the rules of this Court.