Jose R. MURILLO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 96–942.

United States Court of Veterans Appeals.

Feb. 26, 1997.

Jose R. Murillo, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Andrew Mullen, Special Assistant to the Assistant General Counsel and Counsel for the Secretary, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

STEINBERG, Judge:

This case is before the Court at this point on the Secretary's motion to dismiss the appeal, which is opposed by the appellant. For the reasons set forth below, the Court will deny the Secretary's motion to dismiss.

## I. Background

On July 29, 1996, the pro se appellant, service-connected veteran Jose R. Murillo, filed a Notice of Appeal (NOA) from a July 18, 1995, Board of Veterans' Appeal (Board or BVA) decision. The record presently before the Court reveals the following procedural chronology:

7/18/95: BVA decision.

8/10/95: BVA receives the appellant's first motion for reconsideration (MfR or reconsideration motion), identifying BVA decisions dated 7/20/87, 5/23/88, 3/20/89, and 7/18/95.

10/19/95: BVA Deputy Vice Chairman denies first MfR.

10/27/95: BVA receives the appellant's second MfR, identifying the same BVA decisions.

3/22/96: BVA Deputy Vice Chairman denies second MfR.

5/10/96: BVA receives the appellant's third MfR, identifying the same BVA decisions.

5/30/96: BVA Chairman denies third MfR.

7/29/96: Court receives the appellant's NOA.

On January 3, 1997, the Secretary filed a motion to dismiss, asserting that the appellant had not filed a timely NOA as to the July 18, 1995, BVA decision or any prior Board decision. In his motion to dismiss, the Secretary also argues that, although the appellant has filed an NOA within the 38 U.S.C. § 7266(a) 120–day judicial appeal period that began after the denial of the third of his three reconsideration motions, none of the denials on behalf of the Board is judicially reviewable at this time.

On January 24, 1997, the appellant filed a response to the Secretary's motion. The appellant asserts that he has filed a timely NOA. Further, the appellant indicates that the BVA advised him to file his second and third reconsideration motions.

## II. Analysis

A review of the record before the Court indicates the following: (1) The Board received the appellant's first reconsideration motion 23 days after the mailing of its July 18, 1995, decision; (2) the Board received the appellant's second reconsideration motion eight days after the denial of his first motion; (3) the Board received the appellant's third reconsideration motion less than 60 days after the denial of his second motion but more than 120 days after the date of the mailing of the July 1995 BVA decision; and (4) his NOA was filed with the Court 60 days after denial of his third reconsideration motion. Although the first two denials show the enclosure of "Notice of Appellate Rights Following Denial of Motion for Reconsideration", the third does not.

In *Rosler v. Derwinski*, this Court held that, if, following an initial final BVA decision and before filing an NOA with the Court, the claimant files a reconsideration motion with the Board during the 120–day judicial appeal period prescribed by 38 U.S.C. § 7266(a), the finality of the initial BVA decision is abated by that reconsideration motion, and a "new 120–day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the [reconsideration motion] . . . ." *Rosler*, 1

Vet.App. 241, 249 (1991). "The statute contains no ... limitation on the number of such motions that may be filed by an appellant as to a claim." *Id.* at 244. Under *Rosler,* when the BVA denies a reconsideration motion the Board is required "to advise the claimant of the new 120–day judicial appeal period that commences, as to the underlying substantive BVA decision, on the date of the mailing of the BVA's notice of denial of the [reconsideration motion]." *Id.* at 249.

■ The Secretary contends that a reconsideration motion can toll the judicial-appeal period under *Rosler, supra,* only if the motion is filed within 120 days after mailing of the underlying BVA decision and that this did not occur as to the third reconsideration motion here (the one received on May 30, 1996). Although the Secretary contends that there is no precedent for finding the appeal timely filed under the circumstances of this case, *Perez v. Derwinski* provides such direct authority. *Perez,* 2 Vet.App. 149 (1992) (per curiam order). Because of the Secretary's contention as to lack of applicable precedent, this case has been referred to a panel for a precedential opinion to remove any possible doubt as to the state of the law regarding the timeliness of the NOA filed here.

In *Perez,* the appellant filed a reconsideration motion within 120 days after the underlying Board decision was mailed. The motion was denied more than 120 days after that mailing. When the appellant tried within 120 days after that denial to seek BVA reconsideration again (as construed by the Court), the Board responded unfavorably although it did not treat the attempt as a reconsideration motion. When, within 120 days after that unfavorable reply, the appellant again attempted to seek reconsideration, the BVA once more responded unfavorably. The appellant filed the NOA within 120 days after this unfavorable reply. The Court held that the appeal was timely filed, concluding that, where multiple reconsideration motions were "[e]ach ... received by the BVA within 120 days after the BVA mailed its decision or its denial of the previous [reconsideration motion]", the 120–day time limit was tolled and started again upon each such denial. *Id.* at 150.

In the present case, each of the appellant's three reconsideration motions was timely filed so as to toll, each time, the 120–day judicial appeal period under *Rosler* and *Perez,* both *supra.* Hence, the Court holds that the appellant has filed a timely NOA from the July 18, 1995, Board decision but not from any of the prior BVA decisions named in his May 10, 1996, motion. Were the Court to accept the Secretary's argument here, it would be providing the BVA a license, without the Secretary's having to adhere to the requirements of appropriate public notice and opportunity to comment (*see Fugere v. Derwinski,* 1 Vet.App. 103, 107–09 (1990), *aff'd,* 972 F.2d 331 (Fed.Cir.1992)), to prevent successive filings of MfRs, or to force a claimant to forgo appeal to this Court if he wished to seek BVA reconsideration again, by delaying action on a reconsideration motion until the applicable 120–day judicial appeal period had run as to the underlying BVA decision. *Cf. Smith (George) v. Brown,* 8 Vet.App. 546, 551–52 (1996) (en banc) (BVA Chairman may not "defeat the right to judicial review at a critical juncture in a case by ordering reconsideration of a prior [Board] decision which is beyond the reach of that right [to judicial review]".); *Cerullo v. Derwinski,* 1 Vet.App. 195, 196 (1991) (BVA Chairman cannot deprive Court of jurisdiction to review Board decision by granting reconsideration thereof after NOA as to that decision filed in Court). If the Secretary seeks such a result, he will have to obtain it by legislation or the adoption of a regulation prohibiting successive reconsideration motions as to the same BVA decision.

■ In this case, it seems quite clear, from the reference in his NOA to the "unfounded and unjustified" denial of the reconsideration motions, that the appellant has sought to appeal denials of reconsideration motions as well as the underlying July 1995 Board decision. Under the Court's opinions in *Patterson v. Brown,* 5 Vet.App. 362, 363–65 (1993) (partially overruled in *Mayer v. Brown,* 37 F.3d 618, 619–20 (Fed.Cir.1994)), and *Romero v. Brown,* 6 Vet.App. 410, 413 (1994), this Court might be able to review a denial of a reconsideration motion in connection with which a timely NOA has been filed

but only if that motion alleges new and material evidence in the form of relevant service-department records or other changed circumstances. However, none of the three motions filed here, including the third one (the only one denied within 120 days before the NOA was filed), alleged any *such* new evidence or circumstances. Accordingly, denial of the third reconsideration motion is not part of this appeal.

### III. Conclusion

On consideration of the record before the Court and the foregoing analysis, the Court denies the Secretary's motion to dismiss, excludes from the appeal any review of denials of the appellant's reconsideration motions, and directs the Secretary, within 30 days after the date of this order, to file with the Clerk, and serve on the appellant, the designation of the record on appeal. This case will now return to the screening judge and will proceed in accordance with the rules of the Court. It is so ordered.

MOTION TO DISMISS DENIED.