**Marvin D. BROWN, Appellant,**

v.

**Togo D. WEST, Secretary of Veterans Affairs, Appellee.**

**No. 98–1777.**

United States Court of Appeals for Veterans Claims.

Oct. 13, 1999.

Sean Kendall, was on the pleadings for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Special Assistant to the Assistant General Counsel; and Amy S. Gordon were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and GREENE, Judges.

NEBEKER, Chief Judge:

On September 23, 1998, the appellant filed his Notice of Appeal (NOA) from a May 18, 1998, Board of Veterans' Appeals (Board or BVA) decision. The Secretary

moved to dismiss the appeal because the appellant's NOA was received by the Court 128 days after the BVA mailed its decision. The Court dismissed the appeal in a single-judge order of February 18, 1999, for lack of jurisdiction. Pursuant to Rule 35(b) of the Court's Rules of Practice and Procedure, on March 11, 1999, the appellant filed a motion for a panel decision which the Court now grants. The issue is whether the veteran's letter to the Chairman of the BVA, within the 120-day NOA period, tolled the running of that period so that the NOA, filed 128 days after the Board's decision, was timely. In determining our jurisdiction, we look to that letter to determine whether it was a request for reconsideration, or should have been so treated by the Chairman. We hold that the letter did not toll the running of the NOA period because it was not a request for reconsideration or the functional equivalent of one. Accordingly, the Secretary's motion to dismiss will be granted.

Not surprisingly, the parties take opposite views as to the letter. The appellant argues that "[t]he BVA abused its discretion by not treating Mr. Brown's August 11, 1998, letter as a motion for reconsideration." (Appellant's motion at 2). Of course, the BVA had no power in the matter; reconsideration is for the Chairman to order, and generally his actions denying such requests are beyond the jurisdiction of this Court. *Mayer v. Brown,* 37 F.3d 618 (Fed.Cir.1994).

The question whether we can decide what effect the August 1998 letter had on the finality of the Board's decision has been decided by *Blackburn v. Brown,* 8 Vet.App. 97, 101 (1995). We, however, decline the invitation by the Secretary and the veteran to apply an abuse of discretion standard to the Chairman's determination that the letter did or did not toll the NOA period. To do so would be a review of the Chairman's action, which *Mayer* precludes. We will, thus, look to that letter and make our own decision as to its effect on the tolling question. First, however, we must examine the requirements of a motion for reconsideration to determine whether the appellant's August 1998 letter satisfies those requirements.

The substantive requirements for a motion for reconsideration of a BVA decision, found at 38 C.F.R. §§ 20.1000–.1003, are in pertinent part:

> [A motion for reconsideration] must . . . set forth clearly and specifically the alleged obvious error, or errors, of fact or law in the applicable decision, or decisions, of the Board or other appropriate basis for requesting Reconsideration. If the applicable [Board] decision, or decisions, involved more than one issue on appeal, the motion for reconsideration must identify the specific issue, or issues, to which the motion pertains. Issues not so identified will not be considered in the disposition of the motion.

38 C.F.R. § 20.1001(a). Furthermore, the Court notes that it is VA's practice to attach a copy of VA Form 4597 to their decisions when they are mailed to a veteran. VA Form 4597 provides notice of the administrative and appellate rights available to a veteran pursuant to a Board decision and states in the paragraph labeled "Motion for Reconsideration":

> [The appellant] can file a "motion" asking the BVA to reconsider its decision by writing a letter to the BVA showing why [the appellant] believe[s] that the BVA committed an obvious error of fact or law in its decision in your appeal, or showing that new and material military service records have been discovered that are applicable to your appeal. If the BVA decided more than one issue, be sure to tell us which issues you want reconsidered. Address your letter to: Director, Administrative Service (014), Board of Veterans' Appeals. . . . There is no time limit for filing a motion for reconsideration.

VA Form 4597, ¶ (1). VA Form 4579 provides a more understandable interpreta-

tion of the requirements of a motion for reconsideration.

Duplicates of the Board decision before the Court in this appeal do not reflect the inclusion of a copy of VA Form 4579. However, in a sworn statement, the Vice Chairman of the BVA, Richard B. Standefer, declared that "[a]ttached to the copy of the Board's decision mailed to [Mr. Brown] was a copy of VA Form 4597, which provides notice of the various administrative and appellate rights options available in the event an appellant is not satisfied with the Board's decision."

The appellant's August 1998 letter stated in pertinent part: "It is my intent and is further requested that this decision be appealed [sic] in the appropriate manner and that a hearing be scheduled in which I may appear and present personal testimony and additional evidentiary material." He also sought information "outlining my rights and responsibilities related to this process." (Exhibit 1 attached to the Secretary's January 25, 1999, response to the Court's January 13, 1999, order.) The letter made no mention of reconsideration.

The August 1998 letter did not comport with the requirement that it "set forth clearly and specifically the alleged obvious error, or errors, of facts or law," as required by 38 C.F.R. § 20.1001(a), nor did it reveal "why [Mr. Brown] believe[ed] that the BVA committed an obvious error of fact or law in its decision . . . or show[ ] that new and material military service records [had] been discovered that [were] applicable to [Mr. Brown's] appeal" per VA Form 4597.

Furthermore, the Court notes that the appellant had appealed three separate issues to the Board. These include: (1) entitlement to service connection for a left ankle condition; (2) the question whether new and material evidence had been received sufficient to reopen an administrative decision addressing the appellant's character of discharge during the period from June 11, 1981, to June 11, 1985; and, (3) entitlement to service connection for

post traumatic stress syndrome (PTSD). *See Marvin D. Brown*, BVA 95–33 645, at 1 (May 18, 1998). Again, the August letter did not comport with the requirement that a motion for reconsideration must "identify the specific issue, or issues, to which the motion pertains," as required by 38 C.F.R. § 20.1001(a), nor did it "tell [the Board] which issues [Mr. Brown] want[ed] reconsidered" per VA Form 4597. Thus, the August 1998 letter does not satisfy the most basic requirements of a motion for reconsideration.

Whether the letter could operate as the equivalent of a motion for reconsideration is another question. The Secretary's memorandum response to the Court's order of May 13, 1999, addresses whether, in the ex parte, nonadversarial VA process, that letter could operate as the equivalent of a request for reconsideration. Essentially, the Secretary argues that the August 1998 letter "lacked the indicia of a reconsideration request," and the Chairman did not abuse his discretion in determining so. Secretary's June 30, 1999, response to the Court's May 13, 1999, order at 7–9. In his response, the Secretary distinguishes the instant case from the similar case of *Perez v. Derwinski*. *Id.* at 4–5. The veteran's counsel has not sought leave to respond to that memorandum. Under the circumstances, elaboration on the distinctions between *Perez* and the instant case will be helpful.

In *Perez*, the content of a veteran's post-decisional correspondence with the Board was a key focal point in assessing the application of the tolling doctrine. *See Perez v. Derwinski*, 2 Vet.App. 149 (1992). After the veteran's initial request for Board reconsideration of its decision was denied by the chairman, the veteran sent a second letter, and later a third letter requesting reconsideration. The latter two letters were answered unfavorably, but neither was treated by the Board as a motion for reconsideration even though they, like the first letter, gave the issue of service connection and failure to apply the

reasonable doubt doctrine as the reasons for asking for reconsideration. *Perez*, 2 Vet.App. at 149–50. The Court, taking cognizance of the regulatory requirement that a motion for reconsideration set forth clearly and specifically the alleged obvious errors of fact or law in the Board's decision, concluded that each of the veteran's three letters should have been considered motions for reconsideration, as there was no legal requirement that each succeeding reconsideration motion contain new allegations of error of fact or law. *Id.* at 150. Specifically, the Court noted that "[a]ll three of the appellant's letters gave the issue of service connection and failure to apply the doctrine of reasonable doubt as the reasons for asking for reconsideration and 're-review.'" *Id.* at 149. There is nothing of the kind in Mr. Brown's August 1998 letter. The *Perez* decision is an example of a factual situation so different from the instant case as to demonstrate consistency between these two holdings as to what tolls and what does not toll an NOA period. Thus, the Court holds that the August 1998 letter is not the equivalent of a request for reconsideration; at best, it is a request to present additional evidence at a hearing. As such it does not operate to toll the 120-day NOA period.

The veteran now argues that he was "induced or tricked" into missing the 120-day deadline because the VA informed him that to continue his appeal, he could send an NOA to the BVA. He relies on *Bailey v. West*, 160 F.3d 1360, 1364 (Fed.Cir. 1998). In his January 4, 1999, response to the Court's December 4, 1998, order to show cause why the appeal should not be dismissed, counsel for the veteran says it should not be dismissed because the veteran acted "[u]pon information and belief . . . [that] approximately six weeks after the [Board's] decision . . . [t]he VA Regional Office told him that he could appeal to either the Court or the BVA within the 120–day period by sending a letter to either stating that he wished to appeal."

This allegation is not documented in the material before the Court and can play no part in our discussion of the disposition of the motion to dismiss. The Board's decision is in the material before the Court and the "Notice of Appellate Rights" (*Brown*, BVA 95–33 645, at 11) clearly and correctly informed the veteran of those rights and his responsibilities. *Cummings v. West*, 136 F.3d 1468 (Fed.Cir.1998). Under these circumstances the *Bailey* decision, is inapposite to this case.

The veteran also argues that the appeal should be dismissed as premature because, in his view, the August 1998 letter is a request for reconsideration yet to be acted upon by the Chairman. Our holding that the letter is not a reconsideration request is dispositive of this argument.

Accordingly, the single-judge order of February 18, 1999, is REVOKED and, for the reasons stated above, the Secretary's motion is granted and the appeal is DISMISSED.