# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-2036

ARTHUR H. BROWNE,                                                        APPELLANT,

   v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                    APPELLEE.

Before KRAMER, *Chief Judge,* and IVERS and GREENE, *Judges*.

## O R D E R

On December 3, 2001, veteran Arthur H. Browne, pro se, filed a Notice of Appeal (NOA) listing August 14, 2001, as the date of the Board of Veterans' Appeals (Board) decision being appealed. The Secretary later transmitted a copy of a February 16, 2001, Board decision. There is no evidence presented indicating that the Board issued a final decision to Mr. Browne on August 14, 2001. On December 10, 2001, the Secretary filed a motion to dismiss for lack of jurisdiction, asserting that Mr. Browne had not filed an NOA within 120 days after being mailed notice of the Board's February 16, 2001, decision. The Court notes that on July 29, 2002, the Secretary filed a "Notice to the Court and Motion for Leave to Withdraw Appellee's Motion to Dismiss." Therein the Secretary states that new counsel has been assigned to the case, and that upon review of the issue, the Secretary now recognizes "that there is support for the proposition that the *Rosler* [*v. Derwinski*, 1 Vet.App. 241 (1991),] tolling principle extends to motions to vacate filed pursuant to 38 C.F.R. § 20.904." Motion for Leave at 4. "'[I]t is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits.'" *Smith v. Brown*, 10 Vet.App. 330, 332 (1997) (quoting *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996)). Because this appeal presents a matter of first impression, the Court will deny as moot the Secretary's motion for leave, and address the jurisdictional issue presented.

In response to Court orders, the parties have filed pleadings, with attached exhibits, that document the following:

  • On February 16, 2001, the Board issued a decision finding that Mr. Browne did not meet basic eligibility requirements for pension benefits.

  • On February 26, 2001, within 120 days after mailing of notice of the Board decision, Mr. Browne filed with the Board a motion for reconsideration.

  • On March 28, 2001, the Board Vice Chairman denied the February 26, 2001, reconsideration motion. The denial notice sent to Mr. Browne included VA Form

0220 (Notice of Appellate Rights Following Denial of Motion for Reconsideration), advising Mr. Browne of his right to appeal to this Court.

• On June 18, 2001, within 120 days after mailing of the Vice Chairman's March 28, 2001, denial of reconsideration, Mr. Browne filed with the Board a "Motion to Vacate" the February 16, 2001, Board decision.

• On August 14, 2001, the Board Deputy Vice Chairman denied the June 18, 2001, motion to vacate. The denial notice again included a "Notice of Appellate Rights Following Denial of Motion for Reconsideration."

Following his December 3, 2001, NOA, on January 31, 2002, Mr. Browne filed a motion to amend his NOA; he requested that the Court consider on appeal the Board's decisions of February 16, 2001, March 28, 2001, and August 14, 2001.

The Court notes that the appellant in his NOA did not mention the underlying February 16, 2001, Board decision or the March 28, 2001, Board reconsideration denial. Nevertheless, under the Court's liberal rule of construction as to what constitutes a valid NOA, the Court will construe the appellant's December 3, 2001, NOA as referring to the denial of the motion to vacate, as well as to the underlying Board decision and the Board reconsideration denial. *See Losh v. Brown*, 6 Vet.App. 87, 90 (1993). The Court will therefore deny as moot the appellant's motion to amend his NOA.

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a Board decision by this Court, that decision must be final and the person adversely affected by that decision must file a timely NOA with the Court. *See Bailey v. West*, 160 F.3d 1360, 1363 (Fed. Cir. 1998) (en banc). To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure, and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court (or, in certain circumstances, deemed received) within 120 days after the Board decision is mailed to an appellant. *See Butler v. Derwinski*, 960 F.2d 139, 140-41 (Fed. Cir. 1992), *overruled in part by Bailey*, 160 F.3d at 1368; *see also Martin v. Brown*, 10 Vet.App. 100, 101-02 (1997) (per curiam order). This Court may not review denials of reconsideration by the Board Chairman in cases where it does not already have jurisdiction by virtue of a timely appeal from a final Board decision. *See Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir. 1994), *overruled in part by Bailey*, 160 F.3d at 1368. The only exception is in those cases where the appellant has (1) filed a motion for Board reconsideration within 120 days after the mailing date of notice of the Board decision; and then (2) filed an NOA within 120 days after the Board Chairman's denial of the reconsideration motion. *See Rosler*, 1 Vet.App. at 249. A claimant may file repeated motions for Board reconsideration, and when each such motion is received within 120 days of the previous denial, the 120-day time limit is started again upon each denial. *See Murillo v. Brown*, 10 Vet.App. 108, 110 (1997); *Perez v. Derwinski*, 2 Vet.App. 149, 150 (1992) (per curiam order).

Mr. Browne's February 26, 2001, motion for Board reconsideration was filed within 120 days after mailing of notice of the Board's February 16, 2001, decision, and thus the 120-day time period in which to file an appeal was tolled until the Board Vice Chairman's March 28, 2001, denial of reconsideration. *See Rosler, supra.* Mr. Browne's June 18, 2001, motion to vacate was filed within 120 days after mailing of the March 28, 2001, reconsideration denial, and was denied on August 14, 2001. Mr. Browne's NOA was filed within 120 days of that August 14, 2001, denial. If the motion to vacate and the Board's denial of that motion are the equivalent of a motion for Board reconsideration and a denial, then Mr. Browne's December 3, 2001, NOA was timely received by the Court. *See Murillo* and *Perez*, both *supra*. Therefore, the question of first impression presented here is whether a motion to vacate a Board decision that was sent to and responded to by the Board Chairman is the equivalent of a motion for reconsideration, for purposes of rendering the underlying Board decision nonfinal and not ripe for judicial review and beginning a new 120-day appeal period, *Losh*, 6 Vet.App. at 89; *Rosler*, 1 Vet.App. at 249. For the reasons that follow, we hold that it is.

Mr. Browne's two filings with the Board, received on February 26, 2001, and June 18, 2001, are not included in the record before the Court; however, the Board's responses are. In the first response, the Board Vice Chairman identified a motion for reconsideration and denied the motion as not "demonstrat[ing] that the [Board] decision contains obvious error." Board's March 28, 2001, Response (Resp.) at 2. In the second response, the Deputy Vice Chairman denied a motion to vacate; he cited Mr. Browne's failure to demonstrate that the Board had violated any of the legal standards that "would merit that it be vacated." Board's August 14, 2001, Resp. at 2. Both responses clearly addressed Mr. Browne's attempt to have the Board reevaluate its February 16, 2001, decision. *Compare* Board's March 28, 2001, Resp. at 1 ("A decision of the Board is final unless the Chairman orders reconsideration, or the Board, on its own motion, corrects an obvious error in the record. 38 U.S.C. §§ 7103, 7104 (West 1991 & Supp. 2000); 38 C.F.R. §§ 20.1000, 20.1001 (1999)."), *with* Board's August 14, 2001, Resp. at 1 ("A decision of the Board is final unless the Chairman orders reconsideration *or vacate* [sic], or the Board, on its own motion, corrects an obvious error in the record. 38 U.S.C.A. §§ 7103, 7104 (West 1991 & Supp. 2000); 38 C.F.R. §§ 20.904, 20.1000, 20.1001 (2000)." (emphasis added)). Attached to both denials is a copy of the Notice of Appellate Rights Following Denial of Motion for Reconsideration, which states, "The enclosed letter informs you that the [Board] has denied your motion for reconsideration of one or more Board decisions." *Id.*

The regulations distinguish between vacatur and reconsideration of appellate decisions. *Compare* 38 C.F.R. § 20.904(a) (2001), *with* 38 C.F.R. §§ 20.1000 - 20.1003 (2001). A Board decision may be vacated by the Board "at any time upon request of the appellant . . . or on the Board's own motion," when due process has been denied." 38 C.F.R. § 20.904(a). Reconsideration, on the other hand, may be "accorded at any time . . . on motion by the appellant . . . or on the Board's own motion," based on (a) allegation of obvious error of law or fact; (b) discovery of new and material evidence in the form of relevant service department records or reports; or (c) allegation that an allowance of benefits was materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant. 38 C.F.R. § 20.1000.

3

In *Rosler*, the Court stated:

> [A]lthough the judicial review period begins to run, as to a final administrative agency decision, on the date on which that decision is final, its finality is defeated and that judicial appeal period is erased when a timely motion for administrative reconsideration is filed within the judicial appeal period and a new, full judicial appeal period as to the underlying agency decision is triggered when the agency denies the reconsideration motion.

1 Vet.App. at 249. Since *Rosler,* this Court has issued precedential decisions dealing only with situations where motions for reconsideration toll the appeal period for this Court. *See Murillo, Martin,* and *Perez,* all *supra*; *see also Brown v. West*, 13 Vet.App. 88, 89 (1999) (holding that determination of whether document is motion for reconsideration, or should have been so treated, is made by Court). However, although the regulations distinguish between vacatur and reconsideration of Board decisions, they do so only with respect to identifying what constitutes a successful petition for either. As to outcome, a successful request for vacatur would result in nullification of the previous Board decision, as would a successful motion for reconsideration. *See Smith v. Brown*, 8 Vet.App. 546, 550 (1996) (en banc) ("Thus, once a [Board decision] is reconsidered, the '[new] decision . . . shall constitute the final decision of the Board' and the previous [Board] decision is nullified. *Boyer v. Derwinski*, 1 Vet.App. 531, 532-35 (1991)."). The inclusion of the "Notice of Appellate Rights Following Denial of Motion for Reconsideration," by the Board Chairman and Vice Chairman with *both* denials, suggests too that the Board treats both types of motions similarly.

Where a motion for reconsideration or to vacate is filed, there is always the possibility that the Board will correct any error and render judicial review unnecessary. *See W. Penn Power Co. v. U.S. EPA*, 860 F.2d 581, 585 (3d Cir. 1988); *M.M. Winter v. Interstate Commerce Comm'n*, 851 F.2d 1056, 1062 (8th Cir. 1988); *Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227-28 (D.C. Cir. 1960). "Practical considerations, therefore, dictate that when [such a motion] is filed, review may properly be deferred until [the motion] has been acted upon." *Outland*, 284 F.2d at 227-28; *see also W. Penn*, 860 F.2d at 585. It would also be impractical and potentially a waste of the Court's and the parties' resources to require an appellant to prosecute both a motion for reconsideration or to vacate and an appeal to this Court, along with the concomitant filings. *See W. Penn* and *Outland*, both *supra*.

Thus, there is no practical distinction for the purposes above between a motion to vacate under 38 C.F.R. § 20.904(a) and a motion for reconsideration under 38 C.F.R. § 20.1000. We hold therefore that for the purposes of determining the timeliness of an NOA, a motion to vacate is the equivalent of a motion for reconsideration. If a motion to vacate is filed within the judicial-appeal period, like a motion for reconsideration, it too defeats the finality of the original Board decision, which is thus not ripe for judicial review, and a denial of that motion by the Board Chairman begins anew the 120-day appeal period. *See Rosler,* 1 Vet.App. at 249 ("[J]udicial appeal period is erased when a timely motion for administrative reconsideration is filed . . . ."); *see also Brown, supra*; *accord W. Penn*, 860 F.2d at 585 (stating that when motion is denied, judicial-appeal period begins

anew in order to protect right to judicial review for those appellants not versed in "the intricacies of the finality doctrine").

Here, Mr. Browne, within 120 days after the denial of his initial motion for reconsideration, actively sought to have the Board vacate, i.e., review, its decision regarding his claim. *Cf. Perez*, *supra* (request that Board "re-review" its decision held to be motion for reconsideration). As in *Rosler*, that motion rendered the Board decision nonfinal and therefore not ripe for judicial review. The 120-day judicial-appeal period started anew on August 14, 2001, the day that the Board Deputy Vice Chairman denied the motion to vacate. Accordingly, Mr. Browne's December 3, 2001, NOA constitutes an appeal timely filed from the Board's February 16, 2001, decision.

Upon consideration of the foregoing, it is

ORDERED that the Mr. Browne's December 3, 2001, NOA is accepted as timely filed. It is further

ORDERED that Mr. Browne's motion to amend his NOA is denied as moot. It is further

ORDERED that the Secretary's motion to dismiss is denied. It is further

ORDERED that the Secretary's motion for leave to withdraw his motion to dismiss is denied as moot. It is further

ORDERED that not later than 30 days after the date of this order, the Secretary file with the Clerk and serve on Mr. Browne the designation of the record. It is further

ORDERED that this case will be returned to the screening judge and will proceed in accordance with the rules of the Court.

DATED: September 4, 2002                                          PER CURIAM.