# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1249

Luther N. Durr, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided     March 15, 2004  )

*Mark R. Lippman*, of La Jolla, California, was on the pleading for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Thomas A. McLaughlin*, Special Assistant to the Assistant General Counsel; and *Cristine D. Senseman*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

KRAMER, *Chief Judge*:  The issue presently before the Court is whether the appellant filed a timely Notice of Appeal (NOA) from a September 2000 Board of Veterans' Appeals (Board or BVA) decision.

## I.  Background

The appellant, through counsel, seeks to appeal the September 28, 2000, Board decision that denied as not well grounded, under the version of 38 U.S.C. § 5107(a) then in effect, his claim for service connection for tinnitus and that denied on the merits his claim for service connection for a cervical spine disorder.  The copy of the Board decision that was transmitted to the Court by the Secretary indicates that the appellant's claims were on appeal to the BVA from the Los Angeles, California, VA regional office (RO).  An attachment to that copy of the September 2000 Board decision reflects that, on December 6, 2000, the BVA received the appellant's motion for

reconsideration of the September 2000 Board decision and that, on January 9, 2001, notice of the Board Vice Chairman's denial of that motion for reconsideration was mailed to the appellant. The Court notes that the appellant's motion for reconsideration was received by the Board 69 days after the Board mailed to the appellant notice of its September 2000 decision. On January 29, 2001, the Court received a document that is titled as a memorandum and is signed by the appellant. That memorandum is addressed to the Board, and in it the appellant first "request[s that this] Court . . . file [his] appeal with the [C]ourt" but then requests that his appeal be "reconsider[ed] . . . on its merit . . . [and] remand[ed] . . . for further development and proper assistance." Memorandum (Mem.) at 1. Nowhere in that memorandum does the appellant indicate in any manner any Board decision that he seeks to appeal or his VA claims file number. *See* Mem. at 1-2. Among the issues that he requests be considered, he requests that, "[o]n the issue of [t]innitus, . . . [he] be afforded a medical [nexus] opinion by a medical professional" and that "[his appeal be] reconsider[ed] . . . on its merit." Mem. at 1. The return address on the envelope that contained the January 2001 memorandum is a Veterans Health Administration (VHA) facility in Sepulveda, California. On January 31, 2001, personnel in the Court's Public Office (PO) sent to the appellant information as to "How to Appeal to this Court." Included in that mailing were (1) an information sheet that indicated, inter alia, that an NOA must be filed with the Court within 120 days after the date on which the Board had mailed notice to the appellant of its decision on his claims and (2) an NOA form for the appellant to complete if he decided to appeal a Board decision. The Court notes that the PO sent that information to the appellant only twenty-two days after Board personnel mailed notice of the Vice Chairman's January 9, 2001, denial of reconsideration.

On July 18, 2001, the appellant filed pro se his NOA with the Court. (The Court notes that the appellant's NOA was filed according to the postmark date that appears on the envelope. *See* 38 U.S.C. § 7266(c)(2) (NOA that is properly addressed to Court and mailed is deemed received on date of U.S. Postal Service postmark stamped on cover containing NOA); U.S. VET. APP. R. 4(a)(1).) The appellant's NOA was filed with the Court 190 days after notice of the Vice Chairman's January 2001 denial of the appellant's motion for reconsideration was mailed to him.

The Court, on August 1, 2001, ordered the appellant, within 20 days, to explain why his appeal should not be dismissed for lack of jurisdiction on the ground that he had failed to file a

2

timely NOA. The Court also stayed proceedings in this case pending further order of the Court. On August 14, 2001, the appellant in essence responded to the Court's order. He appears to assert (through letters from VA physicians) that, because of several "medical problems," he was unable to submit any required "paperwork" in a timely manner. Appellant's August 2001 Response (Resp.) at 1, 4. Subsequent to that August 2001 response, the appellant retained counsel to represent him in the instant appeal. On September 7, 2001, the appellant filed, through counsel, a response to the Court's August 2001 order. In that response, the appellant asserts that, because his January 2001 memorandum assertedly satisfies the requirements for an NOA under this Court's decision in *Calma v. Brown*, 9 Vet.App. 11 (1996), and because that memorandum was received by the Court within the 120-day judicial-appeal period, he has filed a timely NOA and, therefore, his appeal should not be dismissed. Appellant's September 2001 Resp. at 1-2; *see* 38 U.S.C. § 7266(a) (NOA shall be filed with Court within 120 days after date Board mails notice of its underlying decision); *Calma*, 9 Vet.App. at 15 (Court held that NOA need not contain "literal statement" that appellant was appealing BVA decision to Court provided that appellant's "intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court"); *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991) (stating requirements for Court to have jurisdiction over appeal when appellant has filed motion for reconsideration of underlying Board decision before filing NOA with Court).

On October 29, 2001, the Court ordered the Secretary, not later than 30 days after the date of its order, to notify the Court whether the appellant's January 2001 memorandum was sent to the Board and, if so, whether the memorandum constituted a second motion for reconsideration by the Board of the September 2000 BVA decision. The Court otherwise stayed proceedings pending further order of the Court. The following month, the Secretary filed a response to the Court's October 2001 order; he states, inter alia, that, after reviewing the appellant's claims file, it does not appear that the appellant's January 2001 memorandum was sent to the Board. Secretary's Resp. at 1.

In a December 6, 2001, single-judge order, the Court, relying upon, inter alia, *Jaquay v. West*, 11 Vet.App. 67, 70-72 (1998) (*Jaquay I*), dismissed for lack of jurisdiction the appellant's appeal. The appellant appealed that dismissal to the United States Court of Appeals for the Federal Circuit (Federal Circuit). Subsequently, in September 2002, the Federal Circuit issued its opinion in

3

*Jaquay v. Principi*, 304 F.3d 1276 (Fed. Cir. 2002) (en banc) (*Jaquay II*), which reversed this Court's *Jaquay I* opinion. On June 2, 2003, the Federal Circuit, inter alia, granted the Secretary's unopposed motion for remand and remanded to this Court the appellant's case in order for this Court to "reconsider" its December 2001 decision in light of the Federal Circuit's decision in *Jaquay II*, *supra*. The Court will revoke its December 2001 single-judge order and will issue this opinion in its stead. For the reasons that follow, the Court will dismiss for lack of jurisdiction the appellant's appeal.

## II. Analysis

The ultimate burden of establishing jurisdiction by a preponderance of the evidence rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision must file a timely NOA with the Court. *See Bailey (Harold) v. West*, 160 F.3d 1360, 1363 (Fed. Cir. 1998) (en banc). To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA generally must have been received by the Court (or, in certain circumstances, be deemed received) within 120 days after notice of the underlying final BVA decision was mailed. *See Cintron v. West*, 13 Vet.App. 251, 254 (1999).

However, under *Rosler*, *supra*, a motion for reconsideration filed with the Board within the 120-day judicial-appeal period will "toll the time limit for filing a[n NOA] to the Court." *Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999) (expressly adopting *Rosler*, *supra*). As this Court held in *Rosler*, "if . . . the claimant . . . —before filing an NOA with this Court—files a motion for reconsideration with the BVA during the 120-day judicial[-]appeal period, the finality of the initial BVA decision is abated by that motion for reconsideration . . . [and a] new 120-day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the motion to reconsider." *Rosler*, 1 Vet.App. at 249. Thus, there is an exception in those cases in which the appellant has (1) filed a motion for BVA reconsideration within 120 days after the mailing date of notice of the underlying final BVA decision and also (2) filed an NOA within 120 days after notice of the Chairman's denial of the reconsideration motion has been mailed. *See Rosler*, *supra*; *see also Linville*, 165 F.3d at 1385-86. Further, this Court may not review denials of reconsideration by or

on behalf of the BVA Chairman in cases where it does not already have jurisdiction by virtue of a timely appeal from a final Board decision. *See Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir. 1994), *overruled in part by Bailey (Harold)*, *supra*. Generally, in order for the Court to have jurisdiction over a denial of a motion for BVA reconsideration, the appellant must have satisfied the two conditions explicated in *Rosler*, *supra*.

Moreover, under certain circumstances, equitable tolling of the judicial-appeal period may be appropriate. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Bailey (Harold)*, 160 F.3d at 1364-68 (discussing equitable tolling in veterans benefits context); *Cintron*, 13 Vet.App. at 256-59 (discussing possible application of equitable-tolling doctrine to first *Rosler* condition); *Evans v. West*, 12 Vet.App. 396, 399 (1999). According to the *Irwin* court, equitable tolling has been allowed in the two situations discussed below. Courts, however, "have generally been much less forgiving in receiving late filings where the [appellant] failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96.

First, equitable tolling may apply where an appellant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin*, 498 U.S. at 96. The Federal Circuit, in three opinions, has applied this *Irwin* prong. In *Jaquay II*, the Federal Circuit concluded that, where an appellant, during the 120-day judicial-appeal period, misfiles his motion for Board reconsideration with the same RO from which his claim originated, he "'exercise[s] due diligence in preserving his legal rights.'" *Jaquay II*, 304 F.3d at 1287-88 (quoting *Irwin*, 498 U.S. at 96). The Federal Circuit held that, in such a situation, an appellant "trigger[s] equitable tolling" of the 120-day period within which to file a reconsideration motion with the BVA and, therefore, satisfies the first *Rosler* condition "as of the date of the filing [of the motion for reconsideration] at the [RO]." *Jaquay II*, 304 F.3d at 1289. Subsequently, in *Santana-Venegas v. Principi*, the Federal Circuit concluded that, where an appellant, during the 120-day judicial-appeal period, misfiles his NOA with the same RO from which his claim originated, he "'satisfies the [due] diligence requirement [so as to preserve his legal rights].'" *Santana-Venegas*, 314 F.3d 1293, 1298 (Fed. Cir. 2002) (quoting *Jaquay II*, 304 F.3d at 1288). The Federal Circuit then held that such a misfiling of an NOA triggers equitable tolling of the 120-day NOA-filing period. *Id*. In so holding, however, the Federal Circuit referenced that the RO had not notified Santana-Venegas, until 70 days (which

5

was after the 120-day appeal period had expired) after having received his NOA, that he should have filed that NOA with this Court. *See Santana-Venegas*, 314 F.3d at 1295-98 (also noting that appellant had acted upon that advice almost immediately by refiling his NOA with this Court and that there were VA policies on timely assistance and timely response (within 10 days of receipt) to all correspondence received by VA). The Federal Circuit again applied this *Irwin* prong in *Bailey (Edward) v. Principi* and concluded that, where an appellant, during the 120-day judicial-appeal period, "attempts to file a[n NOA] by completing a document that is clearly intended to serve as a[n NOA] and . . . ha[ving] that document delivered to *the* [RO] *from which* [*his*] *claim originated . . .* [, he] is entitled to invoke the doctrine of equitable tolling." *Bailey (Edward)*, 351 F.3d 1381, 1385 (Fed. Cir. 2003) (emphasis added). Similar to *Santana-Venegas*, *supra*, the Federal Circuit referenced that, although Bailey, within the 120-day appeal period (specifically, on the 107th day), had misfiled his NOA with the RO from which his claim originated, the RO had taken "no action with respect to that document until [nine months after receiving the document,]" and then only upon inquiry from Bailey's representative. *Id*. at 1383.

Further, equitable tolling may be available where an appellant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. In applying this second *Irwin* prong, the Federal Circuit held in *Bailey (Harold)* that, "[g]iven the particular relationship between veterans and the government," equitable tolling could apply where, "[a]lthough there is no suggestion of misconduct," VA's conduct misled a claimant "into allowing the filing deadline to pass." *Bailey (Harold)*, 160 F.3d at 1365; *see Cintron,* 13 Vet.App. at 257 ("cause and effect" relationship must exist, i.e, appellant relied to his own detriment on action that VA took, or should have taken but did not, and equitable tolling is not invoked if "the appellant's reliance on VA was not the cause of the late filing").

In the instant case, the appellant's December 2000 motion for reconsideration was received by the Board 69 days after the BVA mailed notice of its underlying September 2000 decision, thus fulfilling the first *Rosler* prong. The questions before the Court, therefore, are (1) whether the appellant filed a second motion for reconsideration within 120 days after the Vice Chairman's January 9, 2001, denial of the first reconsideration motion (and prior to filing an NOA with the Court) so as again to satisfy the first *Rosler* prong and toll the NOA-filing period; (2) if not, whether

his January 2001 memorandum could be an NOA so as to satisfy the second *Rosler* prong; and (3) if not, whether his July 2001 NOA was timely (or could be rendered timely by the application of equitable tolling) so as to fulfill the second *Rosler* prong.

### A. January 2001 Memorandum as a Second Motion for Reconsideration

When this case initially was before us, the Court, relying upon its opinion in *Jaquay I*, concluded that, because the January 2001 memorandum apparently had not been received by the Board, that memorandum could not constitute a second motion for reconsideration of the September 2000 Board decision, so as again to toll the period to file an NOA with this Court. As indicated above, however, the Federal Circuit subsequently reversed this Court's *Jaquay I* opinion. *See Jaquay II*, 304 F.3d at 1287-89. At this time, in order to assure itself that it has jurisdiction in this matter, the Court will turn to the first question enumerated in the preceding paragraph. *See Brown v. West*, 13 Vet.App. 88, 89 (1999) (Court, in determining its jurisdiction in case, addressed whether appellant's letter was or should have been treated as motion for reconsideration); *Smith v. Brown*, 10 Vet.App. 330, 332 (1997) (Court always has jurisdiction to determine its jurisdiction over case); 38 C.F.R. § 20.1001(a) (2003) (requirements for motion for reconsideration); *see also* 38 C.F.R. § 20.1001(a) (2000) (same). An answer to that question is necessary because, if the January 2001 memorandum is a second motion for reconsideration, that motion could be pending before the Board, and the Court, at this time, would lack jurisdiction in this case. *See Rosler supra*; *see also Perez v. Derwinski*, 2 Vet.App. 149, 150 (1992) (per curiam order) (no regulatory mandate limiting reconsideration motions to one; each additional motion for reconsideration filed within 120 days of denial of previous motion for reconsideration tolls, pursuant to *Rosler*, *supra*, NOA-filing period).

With respect to whether the appellant's January 2001 memorandum is a second motion for BVA reconsideration under this Court's caselaw and the requirements of 38 C.F.R. § 20.1001, although the appellant addressed that document to the Board and included his name in the document, he did not include in that memorandum his VA claims file number, did not indicate in that memorandum the date of the Board decision to be reconsidered, and appears to have requested reconsideration only in terms of claims development. *See Brown*, 13 Vet.App. at 89-90 (discussing requirements for valid reconsideration motion); 38 C.F.R. § 20.1001(a). The Court concludes, therefore, that the January 2001 memorandum is not a second motion for reconsideration because

it lacks language necessary to satisfy the regulatory requirements for a reconsideration motion. *See Brown*, *supra*. Moreover, in his first (December 2000) motion for reconsideration, he specifically titled the document as a motion for reconsideration and "request[ed that] the Board . . . reconsider [his] appeal on [two enumerated issues]." Secretary's Resp., Attachment (Attach.) 2 (December 2000 motion for reconsideration). In contrast, in his January 2001 memorandum, the appellant gave no title to the document and simply "request[ed that this] Court . . . file his appeal with the [C]ourt." Appellant's September 2001 Resp., Attach. (January 2001 memorandum). Although a comparison of the two documents reveals that the appellant presented some of the same arguments in both documents (*see Perez*, *supra* (no regulatory requirement that each succeeding reconsideration motion contain new allegations of error of fact or law)), the differences between the two documents further buttress the Court's conclusion that the January 2001 memorandum is not a second motion for reconsideration. *See also* Appellant's September 2001 Resp. at 1-3 (arguing solely that January 2001 memorandum is timely NOA). *Compare* Secretary's Resp., Attach. 2, *with* Appellant's September 2001 Resp., Attach.

For all of the above reasons, the Court holds that the January 2001 memorandum is not a second motion for Board reconsideration. Accordingly, because the January 2001 memorandum is not a second motion for BVA reconsideration, it cannot satisfy the first *Rosler* prong. *See* 38 U.S.C. § 7103(a) (claimant may file motion for reconsideration of Board decision); *Irwin*, *Jaquay II*, *Bailey (Harold)*, *Brown*, *Perez*, and *Rosler*, all *supra*; 38 C.F.R. § 20.1001. Hence, in order for this Court to possess jurisdiction over the instant appeal, the appellant, absent equitable tolling, must have filed an NOA within 120 days after notice of the Vice Chairman's January 9, 2001, denial of his December 2000 reconsideration motion was mailed to him.

### B. January 2001 Memorandum as an NOA

With respect to whether the appellant's January 2001 memorandum is an NOA, the appellant addressed that document to the Board and in no way indicated in that document which BVA decision he sought to appeal. Further, the Court notes that, even though the January 2001 Memorandum arrived at the Court in an envelope containing the return address of a VHA facility, it is unclear whether the appellant or personnel at the VHA facility sent the document to the Court. Moreover, although the appellant signed the January 2001 memorandum, he did not include in the document

8

his address, telephone number, and VA claims file number. Because the January 2001 memorandum thus does not comply with either the previous or present version of Rule 3 of this Court's Rules of Practice and Procedure (and the Court, therefore, need not decide which version applies here) and this Court's caselaw, the Court holds that it is not a valid NOA. *See* U.S. VET. APP. R. 3(c) (as amended by *In Re: Rules of Practice and Procedure*, U.S. Vet. App. Misc. Order No. 1-03 (Jan. 15, 2003) (en banc)) (NOA "must," inter alia, show name, address, and telephone number of party or parties taking appeal and appropriate VA claims file number; reasonably identify BVA decision appealed from; and be able to be reasonably construed on its face or from surrounding circumstances as expressing intent to seek Court review of that Board decision); U.S. VET. APP. R. 3(c) (prior to amendment by *In Re: Rules of Practice and Procedure*, U.S. Vet. App. Misc. Order No. 1-03 (Jan. 15, 2003) (en banc)) (NOA "shall" name party or parties taking appeal; designate Board decision appealed from; and include addresses of appellant(s) and of any representative); *Perez v. Brown*, 9 Vet.App. 452, 454-55 (1996) (appellant's statement was not valid NOA because it contained "absolutely no reference in the document as to which BVA decision" the appellant was appealing); *cf. Calma*, 9 Vet.App. at 15-16 (Court held appellant's submission to be valid NOA because it, inter alia, complied with Rule 3(c)(2) in that it "expressly refer[red] to a '[BVA] decision'"; referred to "September 29, 1994, [letter]" that accompanied underlying BVA decision; quoted from underlying BVA decision; and specified VA file number).

Accordingly, because the January 2001 memorandum is not an NOA, it cannot satisfy the second *Rosler* prong. *See* 38 U.S.C. § 7266(a) (person adversely affected by BVA decision shall file NOA with Court); *Irwin*, *Santana-Venegas*, *Bailey (Harold)*, and *Rosler*, all *supra*. Further, given that the January 2001 memorandum is not an NOA, the Court need not address whether that document, if it were an NOA, could be filed with the entity with which it may have been filed, i.e., a VHA facility.

### C. July 2001 NOA

With respect to this filing, there is no question that the appellant's July 2001 filing satisfies the content criteria for an NOA; the only issue as to this filing is whether it was timely (or should be deemed timely). In that regard, the Court concludes that the appellant has not met his burden of demonstrating that the second of the two *Rosler* conditions has been satisfied by this filing.

9

Specifically, although as stated previously the appellant's December 2000 motion for reconsideration fulfilled the first *Rosler* prong, the appellant's July 2001 NOA was filed with the Court 190 days after notice of the Vice Chairman's January 2001 denial of that reconsideration motion was mailed. Because there is nothing in this appeal to suggest that tolling of that 120-day period would be appropriate under the tolling law applicable to this Court, *see Irwin*, *Bailey (Edward)*, *Santana-Venegas*, and *Bailey (Harold)*, all *supra*, the second *Rosler* prong is not satisfied by the July 2001 filing.

In this regard, the appellant filed the July 2001 NOA directly with this Court after the filing period had run, and there is no question that that filing is an NOA. As to that July 2001 NOA therefore, this is not a situation where the appellant "fil[ed] a defective pleading during the statutory period" (*Irwin*, 498 U.S. at 96), i.e., misfiled that NOA with the same RO from which his claim originated; thus, equitable tolling of the judicial-appeal period has not been triggered (*cf. Bailey (Edward)*, *Santana-Venegas* and *Jaquay II*, all *supra*). Further, although the Court is sympathetic to the appellant's situation, his implicit request, in his August 2001 response to the Court's order, for equitable tolling because he has been ill is not based on any averred misleading VA action on which he detrimentally relied. *See Bailey (Harold)*, *supra*. Moreover, this Court has not adopted ill health as a basis for tolling. *See Dudley v. Derwinski*, 2 Vet.App. 602, 603 (1992) (en banc). In this regard, if the Court were broadly to accept ill health as a basis for tolling, given the nature of the appellants who appear before this Court (a majority of whose claims involve a disability(ies) of some type), the Court would need to consider whether the application of equitable tolling on that basis in essence would remove the judicial-appeal-period requirement for most appeals.

In addition, within 2 days after receiving the January 2001 memorandum (which, as discussed in part II.B, above, is not an NOA), this Court sent to the appellant information regarding how to appeal to this Court, including information on the 120-day judicial-appeal period. Although, when that information was sent, the appellant still had more than 97 days to file his NOA with the Court, he did not file that NOA until 168 days after PO personnel sent to him that information. The appellant thus has not demonstrated that he relied to his detriment on any averred misleading action in filing the July 2001 NOA 190 days after notice of the Vice Chairman's denial of reconsideration was mailed. Accordingly, the appellant's July 2001 NOA was not timely filed. *See* 38 U.S.C.

10

§ 7266(a) (person adversely affected by BVA decision shall file NOA with Court); *Irwin,* 498 U.S. at 96; *Bailey (Harold)*, 160 F.3d at 1365; *Rosler*, 1 Vet.App. at 249.

The Court thus concludes that the appellant has not met the burden of demonstrating by a preponderance of the evidence that an NOA was timely filed. *See* 38 U.S.C. § 7266(a). Therefore, the Court lacks jurisdiction to review this appeal.

## III. Conclusion

Upon consideration of the foregoing and the parties' pleadings, the Court's December 6, 2001, order is revoked and this opinion is issued in its stead. The stay of proceedings is dissolved, and this appeal is DISMISSED for lack of jurisdiction.