NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA MELVIN,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7096

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2986, Judge Robert N. Davis.

---

Decided: December 14, 2015

---

PAMELA MELVIN, Fayetteville, NC, pro se.

MARTIN M. TOMLINSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; CHRISTINA LYNN GREGG, Y. KEN

LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————————

Before PROST, *Chief Judge,* DYK, and CHEN, *Circuit Judges.*

PER CURIAM

Pamela Melvin appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing Ms. Melvin's appeal in part as time-barred. We conclude that the decision of the Veterans Court was in this respect erroneous as the appeal was not time-barred. However, as Ms. Melvin argues, the Board decision was non-final, and thus Ms. Melvin's appeal was premature. On this ground we affirm the dismissal of her appeal in the Veterans Court.

BACKGROUND

In 2001, Ms. Melvin submitted to the VA a service-connected disability claim for post-traumatic stress disorder (PTSD). In a decision dated January 6, 2010, the Board of Veterans Appeals ("the Board") denied the claim. The Board decision was initially mailed to an incorrect address, but Ms. Melvin acknowledges receiving a copy on March 6, 2012. By statute, Ms. Melvin had 120 days from receipt of the decision to appeal, that is, until July 4, 2012. Within the 120-day appeal period, on April 13, 2012, Ms. Melvin submitted a filing with the Board that the Board construed as two separate motions: (1) a motion to vacate the Board decision based on alleged substantive errors; and (2) a motion to vacate pursuant to 38 C.F.R. § 20.904(a) based on an alleged violation of Ms. Melvin's procedural due process rights. The filing of a motion to vacate rendered the Board decision non-final, and thus non-appealable.

In an October 4, 2012, letter, the Board purported to deny Ms. Melvin's motion to vacate based on alleged procedural due process violations. The letter informed Ms. Melvin that it had construed her arguments based on alleged substantive errors in the Board's decision as a CUE motion, which it was going to address separately. A subsequent October 11, 2012, letter from the Board informed Ms. Melvin that the motion to vacate (construed as a CUE motion) could not be considered until the Board decision became final.

On October 11, 2013, Ms. Melvin filed a notice of appeal with the Veterans Court. The court held that because the Board never took action on the substantive motion to vacate, the Board decision in that respect remained non-final, and Ms. Melvin's appeal based on substantive challenges was unripe. The court therefore dismissed the appeal on this ground. As for Ms. Melvin's procedural due process arguments, the Veterans Court found that the Board had rejected them in its October 4, 2012, letter to her, and thus the appeal in this respect was untimely, requiring dismissal of her appeal on this ground.

Ms. Melvin appeals only the Veterans Court's dismissal of her due process arguments. We have jurisdiction under 38 U.S.C. § 7292. *See Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 679 (2013); *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). We review questions of law *de novo*. *Smith v. Brown*, 35 F.3d 1516, 1517 (Fed. Cir. 1994). We may not review factual determinations or applications of law to fact. *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

## DISCUSSION

On appeal, the government commendably agrees that the Veterans Court erred in treating Ms. Melvin as hav-

ing filed two separate motions and two appeals and in dismissing her procedural appeal as untimely. The two motions should have been treated as one single motion arguing on two separate grounds. The filing of the motion within 120 days of receipt of the Board decision rendered that decision non-final until the motion was denied. *See Linville v. West*, 165 F.3d 1382, 1385 (Fed. Cir. 1999); *Browne v. Principi*, 16 Vet. App. 278, 283 (Vet. App. 2002). Because the substantive challenge (as opposed to the procedural challenge) has not yet been resolved by the Board, Ms. Melvin's appeal was premature, as she argues.

Section 7266(a) of title 38 provides that a person must file a notice of appeal with the Veterans Court within 120 days after receiving "a final decision of the Board." The Board's October 4, 2012, letter was not a final decision within the meaning of the statute. When multiple theories are raised with respect to a single claim, as here, the Veterans Court has explained that "the 120-day requirement for filing a Notice of Appeal will not begin to run until the Board has denied all theories in support of the claim that it has identified for consideration." *Roebuck v. Nicholson*, 20 Vet. App. 307, 315–316 (Vet. App. 2006).

Here, both parties agree that Ms. Melvin has raised only one claim: that she should receive benefits for PTSD. That Ms. Melvin's April 13, 2012, filing raised both procedural and substantive theories to challenge the Board Decision does not change the number of underlying claims. The Board has yet to deny Ms. Melvin's substantive challenges. Accordingly, the 120-day requirement for appealing Ms. Melvin's claim did not begin to run on her receipt of the October 4, 2012, letter, and the Veterans Court erred in holding that her procedural challenge was untimely.

Because the Veterans Court should have dismissed Ms. Melvin's appeal as premature, we affirm the dismis-

sal of her appeal solely on that ground. Once the Board addresses Ms. Melvin's motion to vacate based on substantive arguments, which we assume that it will do promptly, and the Board decision becomes final, Ms. Melvin will have 120 days to appeal the Board decision based on both procedural and substantive theories.

Finally, we reject Ms. Melvin's argument for sanctions with respect to the case before the Veterans Court. Whether sanctions are appropriate is a factual matter outside the jurisdiction of this court. *El Malik v. McDonald*, No. 2015-7060, 2015 WL 4080155, *4 (Fed. Cir. July 7, 2015) (unpublished).

## AFFIRMED

Costs to appellant.