NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA MELVIN,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-1550

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1015, Judge William Greenberg.

---

Decided: August 17, 2017

---

PAMELA MELVIN, Fayetteville, NC, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before O'MALLEY, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Pamela Melvin ("Melvin") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court denied Melvin's motion for sanctions against the Department of Veterans Affairs ("VA") and the Veterans Court. *See Melvin v. McDonald*, No. 16-1015, 2016 U.S. App. Vet. Claims LEXIS 792 (Vet. App. 2016). Because we lack jurisdiction to review the issues Melvin raises in this appeal, we *dismiss*.

## I. BACKGROUND

Melvin served on active duty in the United States Army from June 9, 1975 to June 8, 1978. In May 2003, Melvin received service connection, effective June 27, 2001, for degenerative joint disease and instability in her right and left knees. After becoming dissatisfied with her medical treatment and benefits, Melvin filed two separate petitions for a writ of mandamus on November 12, 2015 and November 23, 2015. In the petitions, Melvin asked, *inter alia*, that the Veterans Court direct the VA Secretary to provide Melvin with certain medical benefits and treatment, remove certain statements from her medical records, and provide Melvin with access to certain VA records. The Veterans Court consolidated the petitions because they sought duplicative relief and denied most of the petition because Melvin sought relief that the court did not have jurisdiction to grant.

After the Veterans Court's decision, Melvin filed another petition for a writ of mandamus, along with a check for the filing fee, on March 11, 2016. This new petition again asked for the Veterans Court to provide Melvin with certain medical benefits and treatment. The Veter-

ans Court did not accept the petition, and Melvin received a notice stating, "[t]he Court has instructed that we return [the filing] as not contemplated by Court's Rules [sic] and not to open a new petition using this material." Suppl. App. 31. Melvin then filed a motion on March 18, 2016 "for an appealable judge's order of the Court's decision to not accept, to not review, and to return her the March 11, 2016 petition." Suppl. App. 26. The Veterans Court, apparently unaware that Melvin had submitted a filing fee on March 11, 2016, asked Melvin to remit a filing fee for the new petition.

In response to receiving the notice requesting a filing fee for the new petition, Melvin asserts that she called the Clerk's office at the Veterans Court on March 30, 2016, and informed the Deputy Clerk that she no longer wished to litigate her additional petition. During this conversation, Melvin also requested that the Veterans Court not cash the check she had sent as her filing fee and instead return the check to her.

Thereafter, the Veterans Court issued an order on May 12, 2016, stating that it had received—or found— Melvin's filing fee for her March 11, 2016 petition and that it had jurisdiction to consider a portion of Melvin's petition regarding certain benefits. The Veterans Court ordered the VA to respond to the part of Melvin's petition over which the court had determined it could exercise jurisdiction.

On May 13, 2016, Melvin filed a motion to dismiss her petition. Melvin alleged that the Veterans Court had ignored her request to dismiss the petition and return the filing fee and instead had used the fee to file the petition so that the VA could "make certain statements and allegations for another matter." Suppl. App. 38. Melvin filed a related motion on May 16, 2016, requesting that the Veteran's Court, pursuant to its inherent power, impose sanctions on the VA for "willful and bad faith harass-

ment" and for having the Clerk's office file her petition "by unlawful means," thereby "forcing her to litigate this case against her will." Suppl. App. 44.

The Veterans Court acknowledged Melvin's arguments but found that "the alleged facts presented simply are not true." *Melvin*, 2016 U.S. App. Vet. Claims LEXIS 792, at \*2. The court explained that it asked the VA to file a response in this matter "based on an apparent mistaken belief that [Melvin] requested that the filing fee she had already paid be used for this petition." *Id.* The court granted Melvin's motion to dismiss the petition, revoked the order requesting the VA to respond, returned Melvin's filing fee to her, and denied Melvin's motion for sanctions.

Melvin now appeals the Veterans Court's denial of her motion for sanctions. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

We have limited subject matter jurisdiction to review appeals from the Veterans Court. We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Unless an appeal presents a constitutional issue, we cannot review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Melvin asserts that the Veterans Court had inherent authority to issue sanctions and "the responsibility to control its litigating proceedings and the conduct of those before it." Appellant's Informal Br. 8. Melvin argues that the court should have granted sanctions "for the filing of this case in Melvin's name without her consent and knowledge." *Id.* Melvin also alleges that the VA attor-

neys had access to and control over her computer and repeatedly deleted her drafts of her brief in this case. *Id.* at 8–9.

Melvin argues that the filing of this case without her consent violated her Fifth Amendment right to liberty and right to engage in conduct without intervention of the government. Melvin also argues that the filing of her case and the deletion of her draft briefs violated her Fifth Amendment right to equal protection because it forced her to be a party in a court case and provided the court with personal jurisdiction over her. According to Melvin, the VA attorneys also violated numerous federal laws and committed fraud when they allegedly filed this case.

Melvin's request for sanctions is inherently a factual question, which leaves it outside the scope of our jurisdiction to review appeals from the Veterans Court. *See* 38 U.S.C. § 7292(d)(2); *see also Melvin v. McDonald*, 634 F. App'x 309, 311 (Fed. Cir. 2015) ("Whether sanctions are appropriate [in an appeal from the Veterans Court] is a factual matter outside the jurisdiction of this court."); *Malik v. McDonald*, 618 F. App'x 1007, 1012 (Fed. Cir. 2015) (explaining that a decision by the Veterans Court not to impose sanctions "is factual in nature, and thus unreviewable by this Court"). Although Melvin attempts to frame her appeal as one involving constitutional issues under the Fifth Amendment, Melvin never raised any constitutional challenges in her motion for sanctions filed with the Veterans Court, *see* Suppl. App. 44–53, and thus has waived her constitutional arguments. *See, e.g.*, *Charles v. Shinseki*, 587 F.3d 1318, 1322 (Fed. Cir. 2009) (finding an argument waived because the party raised it for the first time on appeal). Because Melvin's appeal raises factual questions and she has waived any potential constitutional arguments, we lack jurisdiction to consider this portion of Melvin's appeal.

Even if we were to consider Melvin's constitutional arguments on the merits, which would allow us to consider a challenge to a factual question, the Veterans Court's decision is correct. Based on the record before us, the Veterans Court accepted Melvin's March 11, 2016 petition and requested a response from the VA because of an apparent misunderstanding regarding Melvin's desire to pursue the merits of the petition she filed with the court. *See Melvin*, 2016 U.S. App. Vet. Claims LEXIS 792, at *1–2. Upon learning that Melvin wished to have her petition voluntarily dismissed and her filing fee returned to her, the Veterans Court dismissed the petition and returned the filing fee to Melvin. *Id.* Even if we assume that the Fifth Amendment covers the scope of constitutional protections alleged by Melvin, there is no evidence to support Melvin's claim that a constitutional violation occurred.

Melvin also filed a Second Supplemental Informal Brief in which she seeks to add additional issues to this appeal. Melvin asks that we declare that the Veterans Court does not have jurisdiction to consider cases involving certain types of medical benefits. Melvin's request does not have any bearing on the writ of mandamus that gave rise to this appeal and was voluntarily dismissed at the request of Melvin. Indeed, the Veterans Court agreed with Melvin's position—i.e., that it does not have jurisdiction to consider cases involving the types of medical benefits raised by Melvin—when addressing the consolidated case involving her two petitions for a writ of mandamus.

Melvin's requested declaration regarding the Veterans Court's jurisdiction appears to be based on statements allegedly made by the VA in other cases litigated in other federal courts. Because Melvin's requested declaration does not have any bearing on this appeal, the issues raised in Melvin's Second Supplemental Informal Brief effectively amount to a request for an advisory opinion

regarding the jurisdiction of the Veterans Court. It is well established that federal courts do not have jurisdiction to render advisory opinions. *See, e.g.*, *Flast v. Cohen*, 392 U.S. 83, 96–97 (1968) (explaining that "no justiciable controversy is presented when . . . the parties are asking for an advisory opinion" and that the "oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions"); *Hayburn's Case*, 2 U.S. (2 Dall.) 409 (1792). We therefore do not have jurisdiction to entertain Melvin's arguments in the Second Supplemental Informal Brief.

### III. CONCLUSION

We have considered Melvin's remaining arguments, and we find them unpersuasive. For the foregoing reasons, we dismiss Melvin's appeal for lack of jurisdiction.

### DISMISSED

### COSTS

No costs.