NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA MELVIN,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2041

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2986, Chief Judge Robert N. Davis.

---

Decided: November 13, 2017

---

PAMELA MELVIN, Fayetteville, NC, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, LARA K. EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge*, DYK and CHEN, *Circuit Judges*.

PER CURIAM.

Pamela Melvin appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) denying her request for sanctions against Veterans Affairs (VA) attorneys. Because we lack jurisdiction to review the issues Ms. Melvin raises in this appeal, we *dismiss*.

## I. BACKGROUND

In 2001, Ms. Melvin submitted a service-connected disability claim for post-traumatic stress disorder (PTSD). In a decision dated January 6, 2010, the Board of Veterans' Appeals (the Board) denied the claim. The decision, however, was mailed to a wrong address. Ms. Melvin did not receive a copy of the decision until March 6, 2012. Within the 120-day appeal period, Ms. Melvin submitted a filing to the Board requesting (1) to vacate the Board's decision based on alleged substantive errors and (2) to vacate the Board's decision based on a violation of her procedural due process rights.

On October 11, 2013, Ms. Melvin filed a notice of appeal with the Veterans Court. Because the Board never reached a final decision on the substantive motion to vacate, the Veterans Court dismissed the appeal.[1] We affirmed the Veterans Court's decision to dismiss the

---

[1]    On October 4, 2012, the Board denied Ms. Melvin's motion to vacate based on procedural due process violations.

appeal as premature on December 14, 2015.[2]  *Melvin v. McDonald*, 634 F. App'x 309 (Fed. Cir. 2015) (per curiam).

While she was litigating that appeal, Ms. Melvin filed a motion for sanctions against the VA on March 4, 2014, alleging that VA attorneys had hacked into her personal computers and altered/deleted her legal materials to impede her ability to litigate her case.  In June and August 2016, Ms. Melvin requested the Veterans Court to reopen her case because it had not decided her request for sanctions against the VA.  The Veterans Court reopened the case for the limited purpose of ruling on Ms. Melvin's motion for sanctions.  While the Veterans Court acknowledged Ms. Melvin's allegations of serious misconduct, it was unconvinced that she had provided evidence sufficient to support the allegations and demonstrate actual damages.

Ms. Melvin now appeals the Veterans Court's denial of her motion for sanctions.[3]

## II. DISCUSSION

We have the jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented

---

[2]  The record does not indicate whether Ms. Melvin has received a final, appealable decision from the Board.  Assuming that Ms. Melvin has not yet received a final Board decision, we expect that final decision will issue soon.  *See Melvin*, 634 F. App'x at 311.

[3]  We have previously dismissed Ms. Melvin's appeals for sanctions in related cases arising from similar allegations of VA misconduct for lack of jurisdiction.  *See Melvin v. Shulkin*, ___ F. App'x ___, 2017 WL 3526629, at *2–3 (Fed. Cir. 2017) (per curiam);  *Melvin v. McDonald*, 634 F. App'x at 311.

and necessary to a decision." 38 U.S.C. § 7292(c). Our jurisdiction, however, is limited; we cannot review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see also Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review those determinations.").

Ms. Melvin argues that VA attorneys violated her Fourth Amendment right against unreasonable search and seizure and her Fifth Amendment due process rights by unlawfully accessing her computers, deleting her legal documents, preventing her from typing briefs, and creating messages on her computer stating that the Veterans Court cannot provide sanctions. Appellant's Informal Br. 8–10.[4] She requested the Veterans Court award her with $2 million in sanctions for the violation of her constitutional right to defend and litigate her case.

While Ms. Melvin contends we have jurisdiction to review her appeal because it presents a constitutional issue, Ms. Melvin's request for sanctions—as in her previous cases for sanctions before us—is a factual question and thus outside the scope of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2); *see also Melvin v. Shulkin*, 2017 WL 3526629 at *2–3; *Melvin v. McDonald*, 634 F. App'x at 311 ("Whether sanctions are appropriate [in an appeal from the Veterans Court] is a factual matter outside the juris-

---

[4] Ms. Melvin also asserts that the Veterans Court is prohibited by law from requiring her to litigate her motion for sanctions in a Federal District Court. Appellant Informal Br. 10. Because the Veterans Court did adjudicate her motion for sanctions, and specifically reopened her case to do so, the issue is moot.

diction of this court."); *Malik v. McDonald*, 618 F. App'x 1007, 1012 (Fed. Cir. 2015) (per curiam) (noting that the Veterans Court's decision not to impose sanctions "is factual in nature, and thus unreviewable by this court."). In other words, because the Veterans Court found that the record does not support Ms. Melvin's claim that VA attorneys unlawfully accessed her computers, Ms. Melvin's factual challenges on appeal are "constitutional claims in name only." *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[C]haracterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

We have considered Ms. Melvin's remaining arguments, and we find them unpersuasive. For the foregoing reasons, we dismiss Ms. Melvin's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.